## CINCINNATI, H. & D. R. CO. v. VAN HORNE.

(Circuit Court of Appeals, Sixth Circuit. July 2, 1895.)

### No. 306.

EVIDENCE—OF REPAIRS TO MACHINE CAUSING INJURY.

> Plaintiff sued a railway company for injuries caused by catching his foot in a guard rail. A statute made it obligatory upon the railway company to block its guard rails so as to prevent the feet of its employés from being caught therein. The defendant claimed that a block which would have prevented the injury would have been inconsistent with the safe running of trains, and so could not be required. *Held,* that evidence that after the accident a sufficient block was placed in the guard rail, without endangering trains, was admissible to show that such a block could be used with safety. Railroad Co. v. Hawthorne, 12 Sup. Ct. 591, 144 U. S. 202, distinguished.

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

This was an action by Stephen A. Van Horne against the Cincinnati, Hamilton & Dayton Railroad Company for personal injuries. Plaintiff recovered judgment in the circuit court. Defendant brings error. Affirmed.

Wm. K. Maxwell (Ramsey, Maxwell & Ramsey, of counsel), for plaintiff in error.

Charles M. Cist and Edgar W. Cist, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. This is a proceeding in error to review the judgment of the circuit court for the Southern district of Ohio in favor of Stephen A. Van Horne for $1,000. The plaintiff was a switchman in the employ of the defendant in its yards at Ivorydale, Ohio, in September, 1890. In the discharge of his duties his foot was caught in a guard rail on the track of the defendant company in such a way that he was unable to extricate himself before he was struck by a locomotive. His foot was torn from the shoe which he had on, and luckily was not caught under the wheels, but a bone in his foot was broken, and he suffered other injuries confining him to the hospital for some time.

A statute of Ohio passed March 23, 1888 (85 Ohio Laws, 105) provides that:

"Every railroad corporation operating a railroad, or part of a railroad, in this state, shall, before the first day of October, in the year 1888, adjust, fill or block the frogs, switches and guard-rails on its tracks, with the exception of guard-rails on bridges, so as to prevent the feet of its employés from being caught therein. The work shall be done to the satisfaction of the railroad commissioner."

The question of fact at issue in the case was—First, whether the guard rail in question had been blocked at all; and, second, whether, if blocked to the extent which the safety of trains would permit, the accident in this case could have been avoided. The defendant introduced evidence to show that a block which would have prevented

the injury would have been inconsistent with the safe running of trains, and contended that the statute did not require such an impossible precaution. To meet this evidence and contention, the plaintiff introduced evidence to show that there was a block, sufficient to have prevented this accident, put into the guard rail after the accident, which did not interfere with the running of trains. The only ground upon which a reversal is asked is the action of the court in allowing evidence to be introduced as to the presence of a block immediately after the accident between the guard rail and the switch. Counsel for plaintiff, in introducing this evidence, disclaimed any intention of relying upon it to show that there was negligence in not having put the block between the rails before, but insisted on its relevancy to show the possibility of blocking the guard rail without interfering with the running of trains. It is undoubtedly true that under the decision in Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. 591, a subsequent alteration or repair of a machine alleged to be negligently constructed is not competent evidence of negligence in the original construction. The reason for this opinion is stated by the supreme court of the United States, adopting for that purpose the language of the supreme court of Minnesota in the case of Morse v. Railway Co., 30 Minn. 465, 16 N. W. 358:

"But on mature reflection we have concluded that evidence of this kind ought not to be admitted under any circumstances, and that the rule heretofore adopted by this court is on principle wrong; not for the reason given by some courts, that the acts of the employés in making such repairs are not admissible against their principals, but upon the broader ground that such acts afford no legitimate basis for construing such an act as an admission of previous neglect of duty. A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so; and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon humane conduct, and virtually holds out an inducement for continued negligence."

The case of Railroad Co. v. Hawthorne has no application to the present case. There was no issue before the jury as to whether the failure to insert a block was negligence on the part of the railroad company. It was negligence as a matter of law, and the court properly charged the jury that, if the block was not there, and the absence of it caused the accident, the defendant was liable. The defendant was therefore not prejudiced by the tendency of the evidence to prove an admission by it that the block ought to have been there because such an admission only tended to prove what the law referred to conclusively established. Nor does the case of Railroad Co. v. Hawthorne decide that the character of evidence therein held to be incompetent for the purpose of showing an admission of negligence might not be admissible for some other purpose. On the contrary, in that case the supreme court expressly distinguished a case from Massachusetts,—that of Readman v. Conway, 126 Mass. 374, 377,—where such evidence was admitted to show, not an admission of negligence by the defendant, but an admission that the

instrumentality, the defect in which was charged to have caused the accident, was under the control of the defendant company. So here this evidence was competent to show that a block could be used which would not interfere with the running of trains, and yet which would have prevented the accident which here occurred. Judgment affirmed.