Newman, J.
The question chiefly discussed by counsel in their briefs, and the only one to which our attention was directed in oral argument, is whether the court erred in instructng the jury that the violation of the statute was negligence per se. The company in its answer admitted that Poak re *301 ceived some injury, but for want of information denied the allegations of the amended petition pertaining to the manner in which the injury was received. There was evidence tending to show that Poak did not catch his sleeve on the set-screw, but that his glove was caught on the point of the drill. However, the court of appeals in reviewing the evidence on this proposition was clearly of the opinion that there was sufficient evidence to warrant the jury in finding that the catching of the shirt sleeve on the set-screw, as claimed by Poak, was the immediate and proximate cause of the injury, and counsel concede that they are precluded from discussing this question here, for it involves the weight of the evidence.
The set-screw which held the drill in the shank or shoulder projected unevenly beyond the surface of the revolving portion of the drill press. There was no dispute as to this fact, and besides it is conceded by counsel.
The court in its charge to the jury used this language:
“It is- admitted by the defendant that the setscrew upon this machinery did extend out in some degree beyond the surface of the revolving portion of the press drill; and I say to you, as a matter of law, that this was in violation of the statute, and that if this extended set-screw did engage the shirt of the plaintiff, as claimed by him, and that this engaging of the shirt sleeve by the set-screw was the proximate cause of the injury complained of, then the having and maintaining of such set-screw would constitute negligence on the part of the defendant ; but I say to you further in that connection, *302 that though the set-screw did extend out, and though the defendant was negligent in that respect, yet that would be of no importance in this case unless the set-screw engaged the shirt sleeve of the plaintiff as claimed by him, and caused the injury complained of.
“So, gentlemen of the jury, if you believe the plaintiff has maintained by a preponderance of the proof his claim that the set-screw, as the same then and there existed, did engage his shirt sleeve, and that the engaging of his shirt sleeve in the setscrew caused the injury in this case, and find also that the plaintiff was without fault on his part, then he is entitled to a recovery at your hands.”
This part of the charge is challenged by counsel for the company, the contention being that the court should have submitted to the jury whether or not the defendant exercised reasonable care in furnishing plaintiff a safe place in which to work, and should have charged that the violation of the statute might be taken into consideration in determining that question, and that such violation was some evidence of negligence but not negligence in itself. The basis of negligence in this case, it is claimed, is that the master failed to use reasonable care in furnishing the servant “a safe place or a safe instrumentality at which to work,” and liability on the master’s part could be sustained only by failure to use such reasonable care.
The provisions of the statute which apply here are as follows:
“Section 1027. The owners and operators of shops and factories shall make suitable provisions to prevent injury to persons who use or come in *303 contact with machinery therein or any part thereof as follows: * * *
“3. They shall cover, cut off or countersink keys, bolts, set-screws and all parts of wheels, shafting or other revolving machinery projecting unevenly beyond the surface of such revolving machinery.”
This is a penal statute and the person, firm or corporation failing to comply with its provisions is subject to a fine for every offense.
By the provisions of the statute a positive and absolute duty is imposed upon the owners or operators of shops and factories. They are required to cover, cut off or countersink bolts, set-screws and all parts of wheels, shafting or other revolving machinery projecting beyond the surface of such revolving machine. There was a failure on the part of the company in this'case to comply with this mandate in reference to the set-screw.
The common-law duty of the employer to exercise ordinary care to provide for the employe here a safe place in which to work is changed by this statute. Whether or not the employer was in the exercise of ordinary care in not covering, cutting off or countersinking the set-screw is not the test when negligence is charged. The legislature in positive terms has defined the duty of the employer in this respect. It is not for us to question the wisdom of such legislation, were we so disposed. The plain duty devolves upon the court to enforce the law unless it appears that the legislature has exceeded its authority and the act is clearly repugnant to the provisions of the constitution.
Negligence in a legal sense is the omission of some duty imposed by law, a failure on the part of *304 ihe defendant to perform a legal duty that is owed to the plaintiff. Here the company, under the plain and express terms of the statute, owed to the plaintiff the duty of making a suitable provision to prevent injury to him in using the drill press, and the company in furtherance of this was required to cover, cut off or countersink the set-screw. This it did not do. Its failure to comply was therefore a violation of duty, and this was negligence. There was nothing to be submitted to the jury on this proposition. Negligence is ordinarily’ a question for the jury, and is always so when there is a reasonable doubt either as to the facts or inferences of fact to be drawn by the jury. But here there was no doubt as to the facts. The statute has been violated, and the court rightly charged as a matter of law that the company was guilty of negligence. It then remained for the jury to say whether or not the violation of this duty was the proximate cause of the injury.
In Krause v. Morgan, 53 Ohio St., 26, statutes requiring the operator of a coal mine to keep the same free from gas and have the working places examined every morning with a safety-lamp before workmen are allowed to enter, and which statutes gave a cause of action to a person injured for direct damage occasioned by any violation or wilful failure to comply with the requirements of the statutes, were before the court for consideration. The court used this language: “While the statute, as we construe it, does not make the operator of the mine absolutely liable to a party injured by an explosion of gas where the operator has not complied with the statute, such conduct is negligence per se, *305 and the employer cannot escape liability by showing that he took other means tp protect the workmen equally efficacious. Proof of failure to obey the statute is all that is necessary to establish negligence on the part of the operator.”
In Coal Co. v. Estievenard, 53 Ohio St., 43, the action was brought under the provisions of Section 6871, Revised Statutes, which provided that the owner, agent, or operator of every coal mine should keep a supply of timber constantly on hand, and should deliver the same to the working place of the miner, and no miner should be held responsible for accidents which might occur in mines where the provisions of the section have not been complied with by the owner, agent, or operator thereof. This section further provided that it shall be the duty of the miner to securely prop the roof of any working place under his control. The court held that, under the provisions of this law, it is the duty of the owner, agent, or operator to have the timber constantly on hand, and to deliver it to the working place of the miner. And then used this language: “All he [the miner] has to prove to make his case, as to that point, is that in fact a delivery was not made. * * * And a failure' on the part of the owner, agent, or operator to so deliver timber to the working place of the miner, is negligence, and if injury is thereby proximately caused to the miner, an action will lie therefor.” And in McGarvey v. D., T. & I. Ry. Co., 83 Ohio St., 273, an act to promote the safety of the employes and travelers upon railroads, passed by the general assembly March 19, 1906, was before the court for construction. The court held that the statute imposed *306 a positive and absolute duty on the railroad company.
No reference is made to these cases in the brief of counsel for plaintiff in error, but in oral argument they would distinguish them from the case here, and they insisted that they are not authority for holding that the violation of the provisions of Section 1027 is negligence as a matter of law. Counsel suggested that the statutes construed in those cases provide for an action for damages in the event of a violation, and that in one of them at least the defenses of assumption of risk and contributory negligence are not available. The absence of such provisions is immaterial, as is pointed out in the Narramore case, to which we shall refer presently. It is sufficient to say that the scope and effect of statutes imposing an absolute duty are ably discussed in these three Ohio cases, and the consistent holdings of the court in reference thereto bear directly upon the question presented here and sustain our position.
The case of Krause v. Morgan, supra, is referred to by Judge Taft in his opinion in L. E. & W. Ry. Co. v. Craig, 73 Fed. Rep., 642. Our statute requiring the blocking of frogs, for the safety of the employes of railroads, was under consideration by the court, and this language is used by this judge: “We have already held, in Railroad Co. v. Van Horne, 16 C. C. A., 182, 69 Fed. Rep., 139, that the effect of this statute is to make a failure by a railroad company to comply with it negligence, as a matter of law. This is the ruling of the supreme court of Ohio in construing an analogous statute enacted to compel mine owners to adopt safety appliances for *307 their employes. Krause v. Morgan (Ohio Sup.), 40 N. E., 886.”
And the same judge, in the well-known case of Narramore v. C., C. & St. L. Ry. Co., 96 Fed. Rep., 298, said: “We have already had occasion to consider in a more or less direct case the effect of the statute. Railway Co. v. Van Horne, 16 C. C. A., 182, 69 Fed., 139; Railway Co. v. Craig, 16 C. C. A., 631, 73 Fed., 642. In these cases we held that the failure on the part of a railway company to comply with the statute was negligence per se. A further consideration of the statute confirms our view. The intention of the legislature of Ohio was to protect the employes of railways from injury from a very frequent source of danger by compelling the railway companies to adopt a well-known safety device. It was passed in pursuance of the police power of the state, and it expressly provided, as one mode of enforcing it, for a criminal prosecution of the delinquent companies. The expression of one mode of enforcing it did not exclude the operation of another, and in many respects more efficacious, means of compelling compliance with its terms, to-wit, the right of civil action against a delinquent railroad company by one of the class sought to be protected by the statute for injury caused by a failure to comply with its requirements.”
And again in Cooper v. B. & O. Rd. Co., 159 Fed. Rep., 82, the court of appeals of the sixth circuit had before it for construction the act of April 25, 1898 (93 O. L., 342), requiring railroad companies, to block all angles in frogs, switches, and crossings in all yards where trains are made up, etc., and quote with approval the language used by Judge *308 Taft in C., H. & D. Rd. Co. v. Van Horne, 69 Fed. Rep., 139: “There was no issue before the jury as to whether the failure to insert a block was negligence on the part of the railroad company. It was negligence, as a matter of law, and the court prorerly charged the jury that, if the block was not there, and the absence of it caused the accident, the defendant was liable.”
The principle announced in these cases is approved and adhered to by the supreme court of the United States in several cases which were cited by counsel for defendant in error. In the case of St. Louis, I. M. & S. Ry. Co. v. Taylor, 210 U. S., 281, it is held that the safety-appliance act of March 2, 1893, supplants the common-law rule of reasonable care on the part of the employer as to providing the appliances defined and specified therein, and imposes upon interstate carriers an absolute duty, and the common-law rule of reasonable care is not a defense where in point of fact the cars used were not equipped with appliances complying with the standard established by the act. In that case, Mr. Justice Moody goes into the question fully and ably and discusses the question as to the right of the legislature to enact laws similar to the one under consideration here. His language is quoted at length and with approval by Mr. Justice, Harlan in the case of C., B. & Q. Ry. Co. v. United States, 220 U. S., 559.
Cases decided by the courts of last resort in a .dumber of states are cited by counsel, in which cases the courts have placed upon statutes similar to the one in the case at bar the same construction we are giving it here.
*309 Meek v. Pennsylvania Co., 38 Ohio St., 632, is cited m support of the contention of plaintiff in error that it was erroneous and prejudicial for the court to have charged the jury that the violation of Section 1027 was negligence in itself. The syllabus of that case must be read in connection with the facts there before the court. Plaintiff was struck by a car moving at a rate of speed exceeding the rate prescribed by a certain ordinance. He did not predicate his right of recovery upon the violation of the ordinance. No reference is made to the ordinance in the petition, the charge of negligence being that the company carelessly, wrongfully and with gross negligence ran and moved its cars. The trial court rejected the ordinance when tendered in evidence, but this court held that it was admissible, and that proof that the company was moving its cars in violation of the city ordinance at the time the injury was inflicted, while not sufficient per se to create a liability, is yet competent to go to the jury as tending to show negligence.
It cannot be claimed that in the enactment of this ordinance the purpose of the municipality was to supplant the common-law duty of railroads in respect to the movement of their cars. Notwithstanding the existence of this ordinance, the question for determination after all was whether the railroad was in the exercise of ordinary care when plaintiff received the injury. A full compliance with its provisions would not have relieved the company if the jury were of the opinion that the rate of speed prescribed was excessive and dangerous to human life. This court very naturally held that the violátion of the ordinance was not conclusive proof of the company’s liability. This case, therefore, is *310 not decisive of the question raised here, nor are Davis v. Guarniera 45 Ohio St., 470, and Jacobs v. The Fuller & Hutsinpiller Co., 67 Ohio St., 70. In the opinions of the court in these cases, the holding in the Meek case seems to meet with approval, but the law announced in the cases does not in any way sustain the claim of counsel.
The plaintiff in the case at bar predicated his right of recovery upon the violation of the statute, which made it an absolute duty on the part of the employer to adopt certain measures to protect its employes. It was not for the jury to say whether a failure to comply was negligence. To use the language of the court of appeals: “As no jury is allowed to. say that which is not the law shall be the law, so they should not be’permitted to say that which is the law, is not the law.” The violation of this statute in this case was negligence as a matter of law. If this negligence was the proximate cause of the injury, the company was liable. The court correctly charged the jury in this respect.
In the brief of counsel other exceptions to the record in the common pleas court are pointed out, but none of them was pressed in oral argument, counsel relying upon the one proposition which we have been considering. We have, however, examined the record and are clearly of the opinion that they should be disregarded and that the court of appeals did not err in overruling them.
There being no error in the judgment of the court of appeals the same is affirmed.

Judgment affirmed.

Nichols, C. J., Shauck, Johnson, Donai-iue, Wanamaker and Wilkin, JJ., concur.