## BADE *v.* NIES.

1. NEGLIGENCE—MOTOR VEHICLES—VIOLATION OF STATUTE—QUESTION FOR JURY.

> Whether an automobile driver, who was driving in the business district of a city over a wet and slippery pavement at a rate of speed in excess of the statutory limit of 15 miles an hour, when he ran down and killed a boy 6 years and 4 months old, who was attempting to cross the street, was guilty of negligence, *held*, for the jury, under proper instructions.

2. SAME—VIOLATION OF STATUTE NOT NECESSARY TO CONSTITUTE NEGLIGENCE.

> It does not necessarily follow that an automobile driver cannot be guilty of negligence if he keeps within the statutory speed limit, since he must always have regard for the situation, and must drive his car in a reasonably safe manner so as not to endanger the persons and property of others, and if to accomplish this it is necessary to drive at a lesser speed than the maximum provided by statute, he must do so.

3. SAME—TRIAL—INSTRUCTIONS.

> In an action for the wrongful killing of a boy, an instruction that, if defendant, who ran down and killed the boy in the business district of a city, at the time and place in question, violated any of the provisions of the statute, he was guilty of negligence, and that if such negligence was found to be the proximate cause of the boy's death and the boy was found to be free from contributory negligence, then the verdict must be for the plaintiff, *held*, not erroneous.

4. SAME—ORDINANCES—STATUTES.

> Violation of an ordinance is not negligence *per se*, but violation of a statute is.

[1]Motor Vehicles, 28 Cyc. p. 48; 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 51 L. R. A. (N. S.) 993; 2 R. C. L. 1192; 1 R. C. L. Supp. 728; 4 R. C. L. Supp. 150; 6 R. C. L. Supp. 132; [2]Id., 28 Cyc. p. 34; [3]Id., 28 Cyc. p. 49; [4]Negligence, 29 Cyc. p. 436.

5. APPEAL AND ERROR—APPELLANT MAY NOT COMPLAIN OF FAVOR-
ABLE INSTRUCTION.

It is unnecessary for the Supreme Court to determine
the effect of the youth of a boy 6 years and 4 months old
upon his ability to be guilty of negligence, where the
question of his contributory negligence was submitted to
the jury under very full and complete instructions, of
which defendant may not complain.

6. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—TRIAL—INSTRUCTIONS.

The charge of the court, presenting to the jury the
theory of defendant, that there was no liability if the ac-
cident was due to the unanticipated act of the boy dart-
ing in front of defendant's car without warning, and so
suddenly that the driver could not stop or otherwise avoid
the injury, *held*, to be as favorable to defendant as the
evidence warranted.

7. APPEAL AND ERROR—HARMLESS ERROR.

Error in admitting in evidence a photograph of the boy
for whose negligent killing the action was brought, *held*,
not reversible, where the record does not show any scene
therefrom or that anything out of the ordinary happened.

8. DEATH—DAMAGES—EXCESSIVE VERDICT.

A verdict for $5,150 for the death of a boy 6 years and
4 months old, *held*, not excessive.

Error to Ottawa; Cross (Orien S.), J.    Submitted
April 8, 1927.    (Docket No. 64.)   Decided June 6,
1927.

Case by Meinard Bade, administrator of the estate
of George Bade, deceased, against William Nies for the
negligent killing of plaintiff's decedent.    Judgment for
plaintiff.    Defendant brings error.    Affirmed.

*Diekema, Kollen & Ten Cate,* for appellant.

*Fred T. Miles,* for appellee.

SNOW, J. ·  George Bade, a boy between six and

---

[5]Appeal and Error, 4 C. J. § 2890; [6]Motor Vehicles, 28 Cyc. p.
49; [7]Appeal and Error, 4 C. J. § 2952; [8]Death, 17 C. J. § 235;
L. R. A. 1916C, 820.

seven years of age, was struck and killed by a Ford coupé driven by the defendant on Eighth street in the city of Holland. Eighth street is a principal one, paved, 56 feet wide, and with interurban tracks in the center occupying 16 feet of space. The boy was on his way to school and attempted to cross the street near the center of the block, coming into it from between automobiles parked along the curb. He was run down about four feet from the rear ends of these parked cars by the defendant, who was driving west. Plaintiff had verdict and judgment for $5,150 and defendant brings error.

There was a clear *prima facie* showing of defendant's negligence. The pavement was wet and slippery. The speed he was traveling is in dispute, but there was proof it was in excess of the statutory speed limit of 15 miles per hour in the business portion of the city. In addition to this, and although thus limited in speed, we might add that it does not necessarily follow that one cannot be guilty of negligence even if he keeps within that limit. He must always have regard for the situation, and must drive his car in a reasonably safe manner so as not to endanger the persons and property of others, and if to accomplish this it is necessary to drive at a lesser speed than the maximum provided by statute, he must do so. The proposition is exceptionally well stated by Justice WIEST in *Halzle* v. *Hargreaves*, 233 Mich. 238, as follows:

"Whether the speed at which he was driving was excessive or not did not depend upon any ordinance or statutory traffic rules, but upon what was reasonable in view of all the circumstances. The duty of defendant to look where he was going, and of the plaintiff to look about while in the street are not duties wholly dependent on municipal or legislative declarations of traffic regulations."

The question of defendant's negligence was for the

jury, and was submitted under proper instructions. The court charged:

"The laws of this State, at the time of the injury to the boy, George Bade, provided that no person should operate a motor vehicle upon a public highway at a rate of speed greater than was reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb of any person, or the safety of any property; and should not, in any event, run at a higher rate of speed than 15 miles an hour in the business portion of any city or village.

"The law further provides that, upon approaching a person walking in the roadway of a public highway, a person operating a motor vehicle should slow down to a speed not exceeding ten miles an hour and give reasonable warning of its approach and use every reasonable precaution to insure the safety of such person.

"If at the time and place in question in this case, the defendant violated any of these provisions of the law, he was guilty of negligence, and if you so find by a preponderance of the evidence, and further find that such negligence was the proximate cause of the death of the boy, George Bade, and that he was free from contributory negligence, then, if you so find, your verdict must be for the plaintiff."

This instruction was not erroneous, as claimed by defendant. Violation of an ordinance is not negligence *per se*, but violation of a statute is. The court in the foregoing instruction was referring to statutory acts only. *Westover* v. *Railway Co.*, 180 Mich. 378; *Levyn* v. *Koppin*, 183 Mich. 237; Berry on Automobiles (4th Ed.), § 170.

Defendant next contends that the proof shows the boy ran into the path of the automobile from between two parked cars, and that defendant did not see him until struck; that this constituted contributory negligence, and that his sudden and unanticipated act was the cause of his death. Plaintiff denies the facts show contributory negligence, and further answers

that the deceased (6 years and 4 months old) was in any event of too tender years to be charged with contributory negligence. It is unnecessary for us to determine the effect of the child's youth upon his ability to be guilty of negligence himself, for the reason that the question of his contributory negligence was submitted to the jury for determination under very full and complete instructions of which defendant cannot complain. In presenting the theory of defendant, the court specifically charged that there was no liability if the accident was due to the unanticipated act of the child darting in front of defendant's car without warning, and so suddenly that the driver could not stop or otherwise avoid the injury. The evidence warranted no more favorable instruction.

Error is assigned on the following incident: While the mother of deceased was on the witness stand she was shown his photograph, and it was introduced and received in evidence "for the purpose of showing his healthy appearance and size." In the brief of appellant's counsel it is said:

"This, of course, made a dramatic scene, caused the witness to become greatly excited and appealed to the jury for sympathy."

The photograph had no place in the case. It should not have been received. But the record does not show any scene therefrom, or that anything out of the ordinary happened. The error is therefore not a reversible one.

It is further claimed the verdict is excessive, and we are asked to reduce it. This we must decline. We find nothing in the record which we are satisfied prejudiced or improperly inspirited the jury to award an exorbitant amount. It is not excessive.

The judgment is affirmed, with costs.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.