DREYFUS *v.* DARONCO.

1. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Whether pedestrian struck and injured by automobile traveling on wrong side of street was guilty of contributory negligence in failing to look in that direction before attempting to cross street, *held,* under circumstances, question for jury.

2. SAME—WRONG SIDE OF ROAD. ·

That approaching street car temporarily prevented automobile driver from crossing to proper side of street would not excuse his negligence in continuing on wrong side, resulting in injury to pedestrian, since it was his duty to stop and allow street car to pass.

3. SAME—FAILURE TO SOUND HORN.

Where there was evidence that automobile driver was on wrong side of street when he ran into and injured pedestrian, and that, although he saw pedestrian, he gave no warning of his approach, trial court properly refused to hold that there was no evidence of his negligence.

4. EVIDENCE—REMARKS OF EYEWITNESS · INADMISSIBLE.

Testimony as to remark of eyewitness to automobile accident that driver was on wrong side of street was inadmissible.

5. APPEAL AND ERROR—HARMLESS ERROR.

Error in admitting testimony as to remark of eyewitness to automobile accident that driver was on wrong side of street was harmless, where. driver. himself had testified that he was on wrong side.

Error to Gogebic; Driscoll (George O.), J. Submitted October 30, 1930. (Docket No. 175, Calendar No. 35,178.) Decided January 23, 1931.

Case by Alphonse H. Dreyfus against John Daronco for personal injuries received in an automobile accident. Judgment for plaintiff. Defendant brings error. Affirmed.

On duty of pedestrian before crossing street to look for vehicles approaching on intersecting street, see annotation in 9 A. L. R. 1248; 44 A. L. R. 1299.

*Sol Blumrosen* and *Jones & Patek,* for plaintiff.

*Waples & Waples (Stephens, Sletteland & Suther-land,* of counsel), for defendant.

McDONALD, J. The plaintiff was injured in an automobile accident on Silver street in the city of Ironwood, Michigan, and has brought this suit to recover his damages. Silver street runs east and west through and between Hurley, Wisconsin, and Ironwood, Michigan. A single street car track runs along the center of the street dividing it into the north half which is used by the west-bound traffic and the south half which is used by the east-bound traffic. A bridge over the Montreal river connects the two cities. In crossing the bridge, all vehicles keep to the north of the railway track. Because of this, automobiles coming from the west into Ironwood, after crossing the bridge, swing to the south across the railway track onto the south side of Silver street where east-bound traffic is required to travel. It is the plaintiff's claim that, on the day of the accident, the defendant, driving a truck, came from the west across the bridge into Ironwood, and, instead of crossing the railway track onto the south side of the street, where there was a well-defined lane of travel for east-bound traffic, he continued east on the wrong side and ran into plaintiff as he was about to cross.

The defendant admits that he was on the north half of the street, which was the wrong side for traffic going in the direction in which he was driving, but he denies that his truck hit the plaintiff. It is his claim that when he was about 25 feet from the plaintiff, he saw him come out from between two cars parked at the north curb of the street; that he

immediately sounded his horn and applied his brakes; that, in attempting to avoid being hit, the plaintiff jumped to the left and fell down on the pavement and that, if he suffered any injuries, they were caused by his own negligence in failing to look toward the west before attempting to cross the street.

The issues presented by these claims were submitted to the jury. The plaintiff received a verdict on which judgment was entered. The defendant has brought error.

The following questions require discussion:

1. Should the court have directed a verdict for the defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law?

The defendant rests his claim as to plaintiff's negligence on the fact that he stepped into the street from the north curb without looking to the west; that it was daylight; that there was nothing to obstruct his view of the approaching car, and that, if he had looked, he would have been able to avoid the injury. The plaintiff excuses his failure to look to the west because of the fact that he was in the north half of the street and had a right to assume that cars approaching from the west would not travel on that side. He was not guilty of contributory negligence as a matter of law if he failed to look in the direction where automobiles may not travel without violating the law of the road. The entire situation as presented by the evidence made his negligence a question for the jury. The court did not err in submitting it.

2. Did the court err in refusing to direct a verdict on the ground that there was no evidence of negligence on the part of the defendant?

The undisputed evidence is that he was traveling on the wrong side of the road at the time of the accident. In his testimony he explains that, after he had passed over the bridge, he did not cross to the south, which was his right side of the road, because he saw a street car approaching from the east and continued on the wrong side until it had gone by. In the meantime the accident happened. The fact that a street car was approaching did not relieve him of negligence in traveling on that part of the street where he might not travel without violating the law of the road. Rather than to continue on the wrong side, it was his duty to stop and allow the street car to pass. Especially would this be true if, as the plaintiff claims, there was a well defined lane of travel where cars going in his direction were accustomed to cross. There was also evidence that when he hit the plaintiff he was driving five or six feet from the north curb, and that, though he saw him, he did not sound his gong or give any warning of his approach. His own testimony clearly shows that he was where he had no right to be at the time of the accident. The court did not err in refusing to hold that there was no evidence of his negligence.

3. Complaint is made of the ruling of the court in refusing to strike out the testimony of an eyewitness to the accident who testified that, at the time, he said to two gentlemen who were standing there:

"I made the remark to them that he was on the wrong side of the road."

This testimony was not admissible, and should have been stricken out, but, in view of the fact that defendant himself had testified that he was on the wrong side of the road, its admission must be treated as harmless error.

No other questions require discussion. We find no reversible error. The judgment is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.