## SUN OIL CO. v. GREGORY.
### No. 6334.

Circuit Court of Appeals, Fifth Circuit.

Feb. 11, 1932.

Tom Scurry, of Houston, Tex., T. L. Foster, of Dallas, Tex., and Joiner Cartwright, of Beaumont, Tex., for appellant.

C. A. Lord, of Beaumont, Tex., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought suit to recover damages for personal injuries resulting from a collision, on a highway between Beaumont and Houston, between the car he was driving and a truck owned by appellant, operated by one of its employees, and recovered a verdict for $40,000. The case was tried before the late Judge Estes who died without considering the motion for a new trial. The said motion was heard before Judge Bryant who, considering the verdict to be excessive, required appellee to file a remittitur for $10,000, which was done. Judgment was entered for $30,000, to reverse which this appeal is prosecuted.

Error is assigned to the overruling of a motion for a new trial based on various grounds, mainly that the evidence would not support a recovery for $30,000 and the verdict is so excessive as to show prejudice on the part of the jury. It is contended the overruling of the motion was an abuse of discretion on the part of the District Court. The record shows conclusively that the motion was considered by the court. Appellant's contention that the verdict is excessive is not without foundation, but it is fundamental that in federal courts error may not be assigned to the overruling of a motion for a new trial, unless the trial court has declined to consider it at all.

Error is also assigned to the overruling of a motion for a directed verdict at the close of all the evidence. This assignment is also ineffectual. The evidence in the record presents a very close question on the facts, but it was in great conflict and the case was essentially one for the jury. It would have been as reasonable for the jury to have found for the defendant, but we cannot say there was not sufficient evidence to support the verdict.

Appellant pleaded contributory negligence on various grounds, among which was the following: That plaintiff at the time of the collision was guilty of violating the provisions of article 801 (A) of Vernon's Annotated Criminal Statutes (Pen. Code 1925) in attempting to pass a motor vehicle in front of the vehicle of plaintiff at the same time said motor vehicle in front of plaintiff was passing the truck of defendant, and by reason thereof caused the collision in question. Appellant requested the following charge based upon this plea: "If you find and believe from the evidence that at the time of the collision in question the plaintiff was attempting to pass a vehicle proceeding in the same direction and ahead of the plaintiff, at the same time such vehicle and the vehicle of the defendant were passing each other, such act in itself constitutes contributory negligence. In that connection, if you find and believe that at the time of the collision the plaintiff was attempting to pass a motor vehicle, which vehicle was in front of the car of plaintiff at the same time that said motor vehicle in front of the car of plaintiff was passing vehicle of the defendant, and you believe that such act of the plaintiff, if you so find, contributed to cause the injuries complained of by the plaintiff, or concurred with or cooperated with the negligence of the defendant, if any you have found, in producing or bringing about the injuries complained of by plaintiff, then you will find for the defendant."

This charge was refused, and error is assigned thereto. There was testimony from several witnesses, who were unimpeached and in a position to clearly observe the accident, tending to show that immediately prior to the accident appellee cut around a car in front of him, moving in the same direction, and attempted to pass it at the same time the truck was passing. If that testimony be given in effect, appellee was clearly guilty of contributory negligence in violating the statute and could not recover. The giving of the charge was material under the pleadings and proof, and its refusal was error highly prejudicial to appellant. The charge was not covered either specifically or substantially in the general charge.

Appellee contends that the record does not show that appellant complied with rule 18 of the District Court by submitting the special charges prior to the oral argument. Appellant has moved to correct the bill of exceptions to show that the rule was followed. It is unnecessary to pass upon either of these matters. The record conclusively shows that the charge was considered and refused. The trial judge could waive his own rule, and, if the rule was violated, the presumption must be indulged that he did so.

It follows that the judgment appealed from must be reversed.

Reversed and remanded.