## STANDARD OIL CO. OF KENTUCKY et al. v. NOAKES.

### No. 5986.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

John E. Tarrant, of Louisville, Ky. (Wm. Marshall Bullitt and Bruce & Bullitt, all of Louisville, Ky., on the brief), for appellants.

Cleon K. Calvert, of Pineville, Ky. (J. G. Bruce, of Pineville, Ky., on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Appellants were the defendants below in a suit for personal injuries, and appeal from

a judgment on a verdict for damages in favor of the appellee as plaintiff. Aside from a question as to relationship of master and servant between the driver of a motortruck and the defendant Standard Oil Company, which in view of our conclusions we need not decide, and a procedural question which will be hereafter discussed, the point involved in the appeal is whether plaintiff's contributory negligence required the direction of a verdict in defendants' favor.

 There is not much dispute as to the facts, and we view them where there is controversy in the light most favorable to the plaintiff. About 1:30 in the afternoon of December 19, 1929, she parked her Plymouth sedan diagonally to the curb, and immediately south of another parked car on Main street in the business district of London, Ky. Main street runs north and south, and is part of U. S. Trunk Line 25, "The Dixie Highway." The car was parked on the west side of the street and well removed from any intersection. The street is forty-five feet wide, and the rear of the car extended approximately twelve feet into it. The plaintiff alighted from her car on the north side, walked to the curb, then around the front end of her car, then along its south side toward the east or opposite side of the street. The day was cold, the street covered with ice, and a keen wind blowing from the north. Plaintiff had her coat collar turned up and her head drawn down into it. There is some testimony that she looked to the south, in which direction her view was unobstructed; but the evidence is uncontradicted that she did not look to the north, the direction from which vehicles on her side of the street must come. She stepped out from behind her car immediately in front of a south-bound gasoline truck. The truck driver blew his horn and applied his brakes, the truck skidded, and the plaintiff was struck by its right side and injured. The truck was driven by a chauffeur employed by and subject to the orders of defendant McLemore. McLemore was engaged in the business of selling Standard Oil products on a commission, and owned the truck's chassis; the gas tank thereon belonging to the Standard Oil Company and being leased by it to McLemore.

At the close of the plaintiff's case, and again at the conclusion of all of the evidence, the defendants severally moved for a directed verdict, and upon denial of the motions, excepted. The court submitted to the jury the question of plaintiff's contributory negligence as an issue of fact, and a verdict in her favor against both defendants followed.

 While the question of due care is very generally left to the jury, nevertheless when dealing with a standard of conduct, and when the standard is clear, it should be laid down once for all by the courts. Baltimore & Ohio Railroad v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; Cf. New York Telephone Company v. Beckers, 30 F. (2d) 578 (C. C. A. 2). We need not consider whether the standard of conduct applied to one approaching a railroad crossing is to be applied to one approaching an automobile highway, nor whether the standard applicable to the driver of an automobile is to be applied to a pedestrian. There can be no doubt that one who crosses a street between intersections and from behind a parked car, which not only obstructs his view but also the view of drivers of approaching cars, is under a duty to look in the direction from which danger may be expected, and the failure to do so is negligence which will defeat recovery if accident results. This must be so if reason and common sense are to be applied in measuring human conduct, and if experience and observation are of aid to judgment. "Walking from behind and going beyond a standing vehicle into the pathway open to traffic is a fruitful source of accident." Jones v. Florios, 248 Mich. 153, 226 N. W. 852, 853. "The time has come when ordinary care requires the pedestrian to look for approaching automobiles before he leaves the zone of safety." Mertens v. Lake Shore Yellow Cab & Transfer Co., 195 Wis. 646, 218 N. W. 85, 86. It seems wholly superfluous to multiply citations, though a large number of authorities directly in point are collected in a marginal note.[1] The undisputed evidence established the negligence of the plaintiff as a contributing if not the sole cause of the accident, and the defendants were entitled to a directed verdict as a matter of law.

 The procedural question involved the sufficiency of defendants' motions for per-

---

[1] Harder v. Matthews, 67 Wash. 487, 121 P. 983; Wood v. Pace, 220 App. Div. 386, 222 N. Y. S. 157; Dobrowolski v. Henderson, 15 La. App. 79, 130 So. 237; Weaver v. Pickering, 279 Pa., 214, 123 A. 777; McAteer v. Highland Coffee Co., 291 Pa. 32, 139 A. 585; Webb-Pepploe v. Cooper, 159 Md. 426, 151 A. 235; Beaucage v. Roak, 130 Me. 114, 153 A. 894; Cooper & Co. v. American Can Co., 130 Me. 76, 153 A. 889; Weidemann Brewing Co. v. Parmlee, 167 Ky. 303, 180 S. W. 350; Pierce v. Hosman, 201 Ky. 278, 256 S. W. 397; Conrad v. Green (N. J. Sup.) 94 A. 390; Fulton v. Mohr, 200 Mich. 538, 166 N. W. 851; Di Stephano v. Smith (R. I.) 102 A. 817; Pettijohn v. Weede, 209 Iowa, 902, 227 N. W. 824; Hooper v. Adams Express Co., 289 Ill. 169, 124 N. E. 445.

emptory instructions. The record merely recites the motions, general objections to their denial, and exceptions. If specific reasons were presented as bases for the motions, they are not disclosed. We take cognizance of the rule applied in this and other circuits that where questions are not presented to the lower court and proper exceptions saved to its rulings, they cannot be raised for the first time on appeal by an assignment of error. Fordson Coal Company v. Jackson (C. C. A.) 32 F.(2d) 1000. We do not understand, however, that this applies to a motion for directed verdict when it appears, as it does here, that the question upon which error is predicated was fully disclosed to both court and counsel at the trial by pleadings, evidence, and argument. "Neither have we required that the grounds or reasons upon which such an instruction was asked should be always stated by counsel and shown by the record, when such denial is relied upon as error under an exception reserved." Judge Lurton in Louisville & N. R. Co. v. Womack (C. C. A.) 173 F. 752, 759. The Ninth Circuit Court of Appeals is inclined to the same view. Balaklala Consolidated Copper Company v. Reardon, 220 F. 584, although in the Seventh Circuit, Adams v. Shirk, 104 F. 54, and in the Eighth Circuit, Mansfield Hardwood Lumber Company v. Horton, 32 F.(2d) 851, a different rule applies. In a recent case, Routzahn v. Petroleum Iron Works Company, 56 F.(2d) 938, 939, we had occasion to say in a case tried to the court without a jury, and in holding that the defendant therein had sufficiently saved his exceptions at all stages of the trial, "Indeed, the questions of law are so apparent upon the face of the record, and the attention of the court below was so clearly directed to them, that no express exception would seem to have been necessary," citing U. S. v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 72 L. Ed. 551. We think upon consideration of the whole record that the question of contributory negligence was so fully and completely presented at the trial, and was so obviously the only issue involved between the plaintiff and one of the defendants, and one of but two issues involved between the plaintiff and the other defendant, and the court's attention was so undeniably directed to it as the basis for the motions, that it is properly raised upon appeal.

The judgment of the District Court is reversed, and the case remanded for further proceedings consistent with this opinion.