## BLODGETT v. PINKERTON TOBACCO CO.
### No. 6731.

Circuit Court of Appeals, Sixth Circuit.
Nov. 6, 1935.

HICKS, Circuit Judge, dissenting.

———◆———

Dean S. Face, of Grand Rapids, Mich. (Frost, Frost & Ford and C. M. Robson, all of Kalamazoo, Mich., on the brief), for appellant.

Paul E. Cholette, of Grand Rapids, Mich. (Mason, Alexander, McCaslin & Cholette, of Grand Rapids, Mich., on the brief), for appellee.

Before HICKS and ALLEN, Circuit Judges, and HOUGH, District Judge.

ALLEN, Circuit Judge.

This is a personal injury action brought on behalf of a minor by his father as guardian, in which the jury returned a ver-dict for the appellee. The single question presented is whether the court committed prejudicial error in its charge to the jury, the pertinent portion of which is given in the margin.[1]

The appellee offered no evidence as to the manner in which the injury occurred. The following facts are not disputed:

Alva Blodgett, a boy nine years and five months old and in the second grade, was returning from school in an automobile driven by Sarah E. Vose in an easterly di-rection on a county highway in Michigan. He alighted on the southerly side of the au-tomobile, went around to the rear, started to cross the highway to his home on the north side, and was struck by a Chevrolet light delivery truck owned and operated by appellee, which was approaching from the east. The highway was 20 feet in width, composed of a strip of tarvia 10 feet wide in the center of the road, and a gravel edge, or berm, on each side of the tarvia, which was smooth and fit for travel.

The wheels on the north side of Mrs. Vose's automobile as she stopped were at the edge of the tarvia pavement. The first thing Mrs. Vose noticed after Alva got out was the sound of brakes. She saw the boy lying on his back in the center of the pave-ment, about opposite the rear of her car, and observed skidmarks at that point, ex-tending toward the west and toward the north side of the road.

A few moments after the accident the boy's father saw skidmarks measuring 49 feet in length on the pavement, beginning opposite the rear of Mrs. Vose's car, 18 inches south of the center of the pave-ment running west and toward the north side of the road and into the gravel along the north side of the road.

[1] "There can be no question but that an adult person of average intelligence in the same circumstances would be guilty as a matter of law of contributory negligence in attempting to cross the highway with-out having first looked in both directions to assure himself that such crossing could be made with safety. The law does not, however, hold minor children of the age of the plaintiff in this case to the same degree of care for their own safety that is required of persons of more mature years. You have a right, as I have said, to take into consideration plaintiff's men-tal capacity and appearance and intelli-gence as you have observed him upon the witness stand, the warnings he had re-ceived from parents and teachers, his ex-perience, and all other facts and circum-stances which will aid you in determining whether or not he possessed sufficient mental capacity to understand and appre-ciate the existence and extent of the dan-ger to be avoided. The plaintiff in this case was required only to exercise that de-gree of care which would be exercised by the ordinary child of his age, experience, and mental capacity under the circum-stances which existed at the time, and you will not find the plaintiff guilty of contrib-utory negligence unless you find as a mat-ter of fact that the plaintiff did not exer-cise the degree of care which should be expected of a child of his age, capacity and experience, under the circumstances which then and there existed."

Alva testified that after he got out of the car on the south side he ran around the back end of the car; that he looked toward the west and no car was coming; that he heard no automobile horn; that he took one step out from behind the car onto the pavement and started to look toward the east, and was then struck. Later he said that he took two steps, and was about 2 feet out on the pavement from Mrs. Vose's car when struck. He indicated the distance with his hands as approximately 30 inches. He was "walking slow" when hit, and was struck just as he glanced to the right, or as he said, "immediately after I looked to my right."

Considering these facts, it is evident that the boy was approximately 20 inches from the center of the road upon the south side of the highway when he was struck. Conceding slight inconsistencies in his testimony, he had looked to the left, and as, or just after, he looked to the right, he was hit by the truck. The starting point of the skidmarks showed that appellee's truck was traveling partially on the left side of the road. In so doing it violated section 4703, Compiled Laws of Michigan 1929, the pertinent portions of which read as follows:

"Upon all highways of sufficient width except upon one (1) way streets the driver of a vehicle shall drive the same upon the right half of the highway, * * * unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle."

■ The roadway, under the uncontroverted evidence, was double the width of the tarvia and 20 feet wide, all of it fit for travel. This was "sufficient width." If such a construction was not intended by the Michigan statutes, the situation should be remedied by the Legislature. There is no evidence to bring the case within the two exceptions in the statute. Appellee's truck was not overtaking and passing another vehicle, and it was not impracticable to travel on the right side of the road. In traveling partially on the wrong side of the road, appellee's truck violated the statute. Section 4703, supra, imposes upon all drivers of vehicles a duty for the benefit and protection of others. When the appellee violated the statute it was negligent as a matter of law. Cincinnati, H. & D. Ry. v. Van Horne, 69 F. 139 (C. C. A. 6); Narramore v. C., C., C. & St. L. Ry. Co., 96 F. 298, 48 L. R. A. 68 (C. C. A. 6); W. A. Hover & Co. v. D. & R. G. W. Rd. Co., 17 F.(2d) 881 (C. C. A. 8); Sun Oil Co. v. Gregory, 56 F.(2d) 108 (C. C. A. 5); Westover v. Grand Rapids Ry. Co., 180 Mich. 373, 147 N. W. 630; Levyn v. Koppin, 183 Mich. 232, 149 N. W. 993; Bade v. Nies, 239 Mich. 37, 40, 214 N. W. 170; Smith v. Ormiston, 242 Mich. 600, 602, 219 N. W. 618.

■ Appellant contends that the District Court erred in charging in effect that the appellant, if he were an adult person, would have been guilty of contributory negligence in attempting to cross the highway without first looking in both directions. We think the charge constituted prejudicial error.

■ A pedestrian is not required under all circumstances to look both ways before starting across a highway. His duty depends upon the circumstances of the case. New York Transportation Co. v. Garside, 157 F. 521 (C. C. A. 2). Cf. Engstrom v. De Witt, 58 F.(2d) 137 (C. C. A. 8); Winckowski v. Dodge, 183 Mich. 303, 149 N. W. 1061; Benjamin v. McGraw, 208 Mich. 75, 175 N. W. 394. One using a highway has a right to presume that others upon the highway will act with due care. A pedestrian is not required in all situations to anticipate negligence. American Ice Co. v. Moorehead, 62 App. D. C. 266, 66 F.(2d) 792. Cf. Boston Elevated Ry. v. Greaney, 68 F.(2d) 657 (C. C. A. 1); Olberg v. Kroehler, 1 F.(2d) 140 (C. C. A. 8). Neither is he required in every case to anticipate violations of law nor to look for traffic on the wrong side of the road. Siegel v. Detroit Cab Co., 246 Mich. 620, 225 N. W. 601; Leary v. Fisher, 248 Mich. 574, 227 N. W. 767; Lawrence v. Bartling & Dull Co., 255 Mich. 580, 238 N. W. 180. In Dreyfus v. Daronco, 253 Mich. 235, 234 N. W. 587, the court stated that a plaintiff who stepped from the curb to cross the street and was struck by a truck proceeding along the left side of the road, was not guilty of contributory negligence as a matter of law if he failed to look in the direction where automobiles may not travel without violating the law of the road.

This conclusion does not conflict with the decision in Standard Oil Co. of Kentucky v. Noakes (C. C. A.) 59 F.(2d) 897, 898. In that case the evidence was uncontroverted that the plaintiff did not look to the north, "the direction from which vehicles on her side of the street must come. She stepped out from behind her car immediately in front of a south-bound gaso-

line truck." The gasoline truck was traveling on the right side of the street for south-bound traffic and within the 10-foot space between plaintiff's car and the center of the street. Here the automobile was partially on the wrong side of the road. No statute such as the Michigan statute was involved in the Noakes Case.

By its instruction upon contributory negligence the court took from the jury the question whether under these facts contributory negligence existed, and left them to determine only whether the boy possessed sufficient mental capacity to understand and appreciate the existence and extent of the danger to be avoided.

The instruction made it obligatory for the jury to conclude, if it should find that the boy, by reason of his age, experience and education, and the warnings given, was chargeable with the same negligence as an adult, that he was guilty of contributory negligence as a matter of law.

Under this record the error was prejudicial.

The judgment of the District Court is reversed and the cause remanded.

HICKS, Circuit Judge (dissenting).

I am unable to join in the opinion. I do not think the instruction complained of was prejudicial. It states the general rule applicable to pedestrians stepping into a highway from behind a parked car. Standard Oil Co.. of Ky. v. Noakes, 59 F.(2d) 897, 898 (C. C. A. 6). The opinion adopts the view that if young Blodgett had been an adult, he would not have been guilty of contributory negligence in failing to sooner look to the right because he could not be held to anticipate that the driver would approach upon the left side of the road in violation of the Michigan statute.

Upon the other hand, I think that if the injured person had been an adult, he would have been charged with knowledge that the statute does not unconditionally apply to drivers upon all highways, that its application is limited to highways of sufficient width and not even to those if in the judgment of a prudent driver it is impracticable to travel upon the right half; that there is no standard width for motor vehicles; that trucks are ordinarily wider than passenger cars and that some trucks are wider than others; that the tarvia strip, the usually traveled way as distinguished from the gravel edges, was only 10 feet wide; that there was no center dividing line (at least none is shown) to control traffic; that automobile drivers do not always keep to the right, but frequently for various reasons, and many times without reason at all, drive with the car partially, if not altogether, upon the left; and that under these circumstances if he, an adult, had passed behind the parked car to within 20 inches of the center of the road without looking to the right, such conduct would have constituted contributory negligence.

I think therefore that the instruction with reference to an adult situated as was the boy was pertinent because it threw light upon the succeeding instructions touching the degree of care to be expected of an immature youth. I do not think that the excerpt complained of was calculated to carry the impression that the court believed the boy to be guilty of contributory negligence. From my viewpoint, the determination of that question was left entirely to the jury upon its consideration of the facts.