[Civ. No. 9811. Second Appellate District, Division Two.—May 29, 1935.]

THEODORE FOX, Appellant, v. C. E. SHERWOOD, Respondent.

266

Gerald C. Riley and Edward C. Purpus for Appellant.

Knight & Reynolds and Goodwin J. Knight for Respondent.

FRICKE, J., *pro tem.*—This is an appeal from a judgment for defendant in an action for personal injuries. Appellant's briefs consist largely of assertions of the unequivocal existence of facts upon which a reversal should be based, because under such assumptions the findings are not supported by the evidence, when in fact the record discloses that as to such facts there was a direct conflict of evidence. Thus appellant asserts, as if it were uncontroverted, that respondent was operating his automobile on the wrong side of the street, going even to the extent of declaring that respondent himself so testified, while an examination of the record discloses that respondent testified that he was driving west and that

at the time appellant was struck he was on the second car track from the north, and the blackboard diagram exhibit as marked by respondent shows that his car before and at the time of collision straddled the left rail of the westbound track and was wholly to the right of the center line of the street.

Where there is a conflict of evidence and there is evidence to support the finding of the trial court, the question presented is one of fact and not one of law, and the decision of the trial court thereon is final.

The testimony amply supports the conclusion that respondent was driving his automobile at a speed of about twenty miles per hour going west on 54th Street between Denker Street and Western Avenue, in Los Angeles, and traveling at all times on the north side of the street, in the center of which were both east and westbound street-car tracks; that about halfway between Denker Street and Western Avenue, and running south from 53rd to 54th Street, is a concrete paved walk, ending at 54th Street; that appellant left the north curb of 54th Street at a point where this walk meets the street, and walked partly across 54th Street, going in a southwesterly direction, at least one of the witnesses describing his course as at an angle of forty-five degrees; that while appellant testified that he looked to the east before crossing the street, other witnesses declared that he did not; that about the time appellant reached the southerly rail of the westbound tracks respondent passed to the left of an automobile directly ahead of him and proceeded west on the left rail of the westbound track; that respondent almost immediately thereafter saw appellant about ten feet in front of him and was unsuccessful in his effort to swerve far enough to the right to avoid a collision; that appellant was dressed in dark clothes and that there were no street lights on 54th Street between Denker Street and Western Avenue.

Appellant claims respondent was negligent in failing to sound his horn before passing the vehicle ahead of him, a conclusion to which we cannot agree, and fails wholly to point out how the blowing of a horn at that time would have prevented the collision or in what manner it proximately contributed thereto. Respondent was proceeding at a moderate rate of speed, lawfully passed a vehicle ahead of him and suddenly found the pedestrian appellant about ten feet ahead of him on the street-car tracks. Bearing in mind all of the

circumstances, the trial court was justified in its conclusion that respondent was not negligent. ██ On the other hand, it seems equally clear that a pedestrian, darkly clothed, crossing a very dark street at night about halfway between intersecting streets, proceeding in a course forty-five degrees away from the westward course of respondent's automobile and the car ahead of it, both with headlights burning, without such pedestrian looking in the direction of such approaching traffic, there being no traffic approaching from the west which required his attention, and walking into the path of the oncoming automobiles—all these facts finding support in the evidence—failed to use ordinary care for his own safety, which proximately resulted in his injuries. Appellant's contention that the findings are not supported by evidence is not borne out by the record.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 20, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1935.