[No. 26250. Department Two. December 14, 1936.]

HARRY RASMUSSEN, *Appellant,* v. LEIGHTON A. McCARTHY *et al., Respondents.*[1]

*Padden & Moriarty* and *Earl F. Requa,* for appellant.

*Roberts & Skeel* and *W. R. McKelvy,* for respondents.

MITCHELL, J.—Harry Rasmussen, while walking across the Pacific highway, was injured in a collision with an automobile driven by Leighton A. McCarthy, and brought this action to recover damages, alleging that defendants' negligence was the cause of the collision. The answer was a general denial and an affirmative defense that the damages, if any, were caused by the negligence of the plaintiff himself as the proximate cause of the collision. A trial before a jury resulted in a judgment of nonsuit at the close of plaintiff's case. The plaintiff has appealed.

[1]Reported in 62 P. (2d) 1353.

Appellant's own testimony was as favorable to him as all of the testimony that was introduced. It showed that he was guilty of negligence as the proximate cause of the injury, and that it must be so held as a matter of law.

The accident occurred on Saturday evening after dark on the Pacific highway at a place not provided or intended as a crossing. Appellant was familiar with the place. The highway consists of two pavements, each twenty feet wide, with a four-foot strip of dirt between them. The center of each pavement is marked by a yellow line. The highway runs in a northerly and southerly direction. The east pavement is used for the northbound traffic, and the west pavement carries southbound traffic.

The respondent, going south, was operating his automobile along the right-hand side of the pavement on the west. The appellant was crossing the highway from the east side and collided with the automobile as he reached the yellow strip on the west pavement. The impact broke the handle on the door on the left-hand side of the automobile. The highway was dry and level and straight for more than one thousand feet approaching from the north. Appellant had several glasses of beer shortly before the collision occurred.

He testified that he crossed the easterly pavement, got to the west side of the strip of dirt between the pavements, looked north, and saw respondent's automobile coming from that direction, about 260 to 275 feet distant; that he could not tell how fast it was coming; that the car had its lights burning, and that he thought he could get across the highway. He then walked on across the west pavement without looking towards the approaching automobile until he got to the point at which the accident occurred, about on the yellow line of the pavement, at which point he stopped,

looked, and then saw the car was within twenty-five or thirty-five feet from him. He testified:

"Q. When you looked you were still walking? A. No, I stopped. Q. You stopped before you saw the car again? A. No, I didn't, I stopped before I looked. Q. From the time you left 'R-1' [the west margin of the strip of dirt] until you stopped you never did look to the north, did you? A. No."

When he looked at that time and place, the car was "twenty-five feet or so" from him, he could not tell exactly how fast the car was coming, he not being an automobile driver, although, upon the insistence of counsel, he said: "I should judge forty-five or fifty miles an hour." When he saw the car so close upon·him, he did nothing to get out of its way, just stood still, claiming he did not have time. It appears that, just as appellant walked into the line of travel of the automobile, the driver turned the automobile to avoid the accident, if possible, but it was too late.

A review of the authorities cited by respective counsel would accomplish no useful purpose in this case, in our opinion. The appellant's negligence, continuing until the very moment he was struck, was the proximate cause of the collision and the injuries caused by it. The trial court correctly decided that way, as a matter of law.

Judgment affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.