DuBois, by Guardian *ad litem,* Respondent, vs. Johnson and another, Appellants.

*May 19—June 12, 1941.*

For the appellants there was a brief by *Fisher, Cashin & Reinholdt,* attorneys, and *Clifford W. Peickert* of counsel, all of Stevens Point, and oral argument by *Mr. R. T. Reinholdt* and *Mr. Peickert.*

*Frank E. Hebert* of Tomahawk, for the respondent.

WICKHEM, J. The accident which gives rise to this litigation occurred on June 14, 1930, at about 6 o'clock in the evening at the intersection of Fourth street and Prospect avenue in the city of Tomahawk. Fourth street runs north and south and is an arterial or through street. Prospect avenue runs east and west and is not an arterial street. Plaintiff was driving a motorcycle north on Fourth street. Defendant was driving a Ford car west on Prospect avenue. Each was approaching the intersection, plaintiff intending to continue north through the intersection and defendant intending to turn south on Fourth street. The vehicles collided within the intersection. Defendant attacks only the finding that his failure to stop at an arterial had a causal relation to the accident. No attack whatever is made upon the findings by plaintiff, nor is there any motion to review. For this reason it must be taken as a verity that plaintiff was proceeding at an excessive rate of speed; that defendant did not stop at the intersection; and that otherwise the conduct of each with respect to lookout, management, and other factors satisfied the standard of due care.

We proceed, therefore, to examine defendant's contention that there was no causal relation between the defendant's failure to stop and the accident. This contention is based upon testimony of plaintiff's witnesses to the effect that as defendant approached the intersection and came up to the arterial stop sign, he reduced his speed from fifteen miles an hour to virtually a stop. Defendant claims that he came to a full stop, but the jury have rejected this view of the facts. According to the witnesses defendant's speed was so diminished that they had great difficulty in estimating what it was, but the consensus is that defendant proceeded for several feet at from two to five miles an hour before shifting his gears and entering the intersection. We are, therefore, faced with the question whether one who comes to a virtual but not a complete stop at an arterial but who fully discharges his duties with respect to speed, lookout, control, and yielding the right of way can be said to have contributed causally to an intersection collision. The court is of the view that, on the premises presented for our consideration in this case, it must be held that there was no causal relation between defendant's default and the collision. The difference between a complete stop and a practical or virtual stop is too slight, standing alone, to constitute even a scintilla of cause, although it may very well be that in connection with negligent lookout or negligent management it might be a substantial contributing factor. This point appears to us to be too obvious to labor at any length. It might be added that even were it to be held that to some extent defendant's failure to come to a complete stop made a causal contribution to the collision, the record will not sustain a finding that defendant's negligence was greater than that of plaintiff whose default was not a mere technical failure literally to observe a safety rule but a substantial violation of traffic rules with respect to speed. It follows that the judgment must be reversed and the com-

plaint dismissed, and it is unnecessary to consider defendant's claim that the damages are excessive.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.