HAFEMANN, Plaintiff and Respondent, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY and another, Defendants and Appellants: BRINZA, Defendant and Respondent.

*October 14—November 16, 1948.*

*D. J. Regan* of Milwaukee, for the appellants.

For the respondent Robert Hafemann there was a brief by *Ralph J. Podell* and *Gold & McCann,* all of Milwaukee, and oral argument by *Mr. Ray T. McCann* and *Mr. Podell.*

*Stephen J. Hajduch* and *Irving H. Nelson,* both of Milwaukee, for the respondent Emil Brinza.

FRITZ, J.   The plaintiff Hafemann was injured on April 6, 1946, at about 1:15 a.m. while riding as a guest in an auto-

mobile operated by the defendant and appellant, Jack Lancin. While driving along Kinnickinnic avenue, a public arterial highway, Lancin noticed that his gasoline supply was running low and to get gasoline he drove into the private driveway of a tavern about seventy-five feet east of the east edge of the said highway. Upon learning that there was no gasoline for sale, Lancin got into his car and turned on his lights and proceeded to back westward out of the driveway into the highway with the intention of turning and going northward in search of gasoline. The highway was forty-six feet wide and south of the tavern driveway the roadway was fairly straight and level, with trees lining the east side thereof and some other obstructions to the view southward in the direction from which defendant Brinza was approaching in his automobile. Lancin knew the highway was a busy street even at that time of the night and realized he was backing into a dangerous highway. His car was painted black and the entrance to the driveway was not illuminated.

Lancin backed his car westward out of the driveway into the highway until his right front wheel was about at the east curb and his car was facing northeastward. Then he shifted from reverse into first gear and proceeded northward but a few feet when his gasoline supply became exhausted and the motor stopped operating; but because of the momentum of his car it moved a little further northward before it stopped and was struck by Brinza's car. He, with John Schomisch and Tony Danek also sitting in the front seat, was driving northward on the highway about ten feet west of the east curb and did not see Lancin's car until he was five feet from it, although there were proper lights, including a taillight, on that car.

There is a conflict in the evidence as to whether or not Lancin did stop his car before proceeding on the driveway across the sidewalk area (actually, there was no sidewalk there) on the east side of the highway. Lancin testified that

he did so stop, but Hafemann testified Lancin did not stop. Likewise, there is a conflict as to whether Lancin's car was still moving forward at the time of the collision or had come to a complete stop. He testified that he was at a stop for one or two minutes before the collision. However, Hafemann testified Lancin's car was still moving when the cars collided, that the collision occurred within seconds after Lancin started to back out and that his car had moved forward maybe one foot when it was struck; but on an adverse examination before trial, Hafemann had testified that Lancin's car was at a dead stop at the time of the collision.

As the headlights on Brinza's car were lighted, Lancin could have seen it approaching had he looked to the south. However, in testifying, Lancin first stated that he did not see the Brinza car before the collision but subsequently stated that he saw that car for the first time when it was eighty to one hundred feet south of him, and that Lancin's car was then almost parallel with the curbing of the highway. Brinza testified that as he was approaching the point of impact he was traveling about thirty miles per hour, that at this speed he could stop in about fifteen feet, and that his lights were such as to enable him to see an object the size of an automobile about one hundred fifty feet ahead of him.

On the trial the jury found:

(1) That Lancin was causally negligent as to, (a) failing to stop his automobile immediately prior to moving on to the sidewalk area; (b) lookout; (c) yielding the right of way; (d) management and control; and (e) that he causally failed to exercise ordinary care not to increase the risk assumed by plaintiff as his guest; (2) That Brinza was causally negligent as to, (a) lookout; (b) but was not causally negligent as to yielding the right of way; (c) management and control; and (d) speed; (3) The jury attributed seventy-five per cent of the total causal negligence to Lancin and twenty-five per cent thereof to Brinza.

Upon our review of the proof it is clearly evident that it was within the province of the jury to find all of the ultimate facts as stated in the verdict.

The appellants', Milwaukee Automobile Insurance Company and Lancin, principal contention is that because Lancin, in backing out of the driveway at one to two miles per hour a full car length on to the highway and stopping in this position to shift gears before going forward with his car ten to twenty feet in low gear until the motor stopped, and then moving about five feet more by the momentum of the car, the time which elapsed in Lancin's thus backing up, shifting gears, and moving forward, required at least seven seconds; and that during that time Brinza, approaching from the south along the highway at thirty miles per hour, traveled at least three hundred fifteen feet, so that he must have been over three hundred fifteen feet south of the driveway when Lancin started to cross the sidewalk area. That consequently, as Lancin had the right to assume that Brinza was approaching in the exercise of ordinary care and keeping a proper lookout, and as the roadway was forty-six feet wide, with three lanes and no traffic approaching from the north, and as Brinza by a slight deviation of his car would have avoided the collision, Lancin, even if he had seen Brinza coming at a distance of three hundred fifteen feet, could believe as an ordinarily careful person situated as he was, that he could safely back out on to the street. And, therefore, appellants contend there is no support in the evidence for the jury's finding that Lancin's failure to stop before moving on to the highway was the proximate cause of the collision.

That contention cannot be sustained. Appellants claim that upon Lancin's shifting gears, his car moved from ten to twenty feet in low gear and then, by its momentum moved five feet more, is dependent upon solely his testimony. But the jury could and probably did consider more credible Hafe-

mann's testimony that after Lancin shifted gears, his car had moved forward maybe one foot when it was struck by Brinza's car. Consequently, in this and likewise other material respects, there was sufficient evidence to warrant the jury's finding that the time which elapsed between Lancin's moving on to the sidewalk and into the street, without stopping his car, and the time of the impact was so brief and the approaching Brinza car was so near, instead of being about three hundred fifteen feet to the south as appellants claim, that Lancin's failure to stop his car prior to moving on to the sidewalk area and on to the highway, was an efficient cause of the collision.

Lancin's failures in that respect were violations of the provision in sec. 85.18(8) and (9), Stats., which read,—

(8) "The operator of a vehicle emerging from an alley, private driveway or garage shall stop such vehicle immediately prior to moving on to the sidewalk or sidewalk area extending across the path of such vehicle, or if there is no sidewalk or sidewalk area then before crossing the near limits of the roadway."

(9) "The operator of a vehicle entering a public highway from an alley, garage or private driveway shall yield the right of way to all vehicles approaching on such highway."

Appellants' contention that there is no support in the evidence for the jury's findings that, (1) Lancin was causally negligent in not yielding the right of way to Brinza; and (2) that Lancin was not negligent as to lookout; and if he was, this failure was not causal, are likewise based upon the erroneous assumptions by appellants as to what the jury could and apparently did determine under the evidence as to the length of time which had actually elapsed; and the actual location of the distances traveled by each of the cars within that time. As stated above, Lancin first testified he did not see the Brinza car before the accident, nor did he see the lights of that

car prior to the collision, but later he testified that he saw Brinza's car for the first time when it was eighty to one hundred feet south of him, and the Lancin car was then almost parallel with the curbing of Kinnickinnic avenue. As the headlights of Brinza's car were lighted, had Lancin looked to the south he could have seen the Brinza car. It was the duty of Lancin not only to stop before entering upon the arterial highway, but it was also his duty to make his observation from a point where such observation would be efficient. *Thieme v. Weyker,* 205 Wis. 578, 238 N. W. 389; *Gumm v. Koepke,* 227 Wis. 635, 278 N. W. 447. Had he made an observation from the point where it would have been effective, he could and ought to have seen the Brinza car. "Under such circumstances a person is presumed not to have looked, or to have needlessly submitted himself to the danger. He is not permitted to say that he looked when, if he had looked, he must have seen that which was in plain sight." *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 648, 218 N. W. 85.

Appellants also claim there is no evidence to sustain the jury's finding that Lancin was negligent as to management and control. That finding was likewise warranted by the evidence. While he was slowly backing out of the driveway, which necessitated his protruding into the highway, he could easily have stopped his car before entering the highway. Instead he had put his car in reverse and continued backing on to the highway and then, by stopping there to shift gears, he created a slowly moving obstruction to the approaching Brinza car. Lancin's operations in these respects, when they could not be done in safety, warranted the jury's finding that he was causally negligent in his management and control of the car.

As there was no contributory negligence whatever on the part of plaintiff and, on the other hand, Lancin's negligence in the several respects stated above constituted substantial

causes of plaintiff's injury, Lancin is liable for the damages sustained by plaintiff. The cases of *Schultz v. Brogan,* 251 Wis. 390, 29 N. W. (2d) 719, and *DuBois v. Johnson,* 238 Wis. 161, 298 N. W. 590, which are cited by appellants are not in point.

It follows that, as is provided in the judgment of the civil court, Hafemann is entitled to the recovery from defendants, Lancin and Brinza, of the full amount of Hafemann's damages as assessed by the jury; and that he is entitled to recover from Lancin's insurer such portion of said amount as is within the limited coverage ($5,000), under the indemnity policy issued to Lancin.

Under sec. 274.12, Stats., plaintiff moved for the review on this appeal of an order made by the circuit court which amended appellants' notice of appeal from the civil court judgment in so far as it provided for plaintiff's recovery of $5,092.78 from Lancin and his insurer. The notice, as thus limited, did not provide for an appeal from the other provisions in the civil court judgment for plaintiff's recovery from defendants, Lancin and Brinza, of the additional sum of $656.60, which was part of the total amount of plaintiff's damages, as assessed by the jury.

The facts, so far as material on the plaintiff's motion for review, are as follows: Appellants' notice of appeal from two of the four provisions in the civil court judgment was served on July 27, 1947, and, pursuant thereto, the appeal to the circuit court was duly perfected. After the circuit judge's decision on that appeal and the entry pursuant thereto of a circuit court judgment affirming the provision for plaintiff's recovery of $5,092.78 from Lancin and his insurer, they made a motion for the amendment of their notice of appeal so as to provide for their appeal from the entire civil court judgment, and the circuit court granted said motion and pursuant thereto entered an amended judgment for plaintiff's recovery of the entire amount of the damages assessed by the jury.

Plaintiff contends it was beyond the power of the circuit court to order the amendment of appellants' notice of appeal from the civil court judgment. This contention must be sustained.

Sec. 28.1 of the Civil Court Act for Milwaukee county provides, as far as here material, that,—

". . . An appeal may be taken to the circuit court of Milwaukee county by any party to an action or proceeding in said civil court from any final judgment of said civil court, or from any order of said civil court from which an appeal to the supreme court might be taken if such order were made by a circuit court, by filing with the clerk of said civil court within the time hereinafter prescribed a notice in writing signed by the appellant or his attorney, designating the party by whom, the cause in which, and the judgment or order from which the appeal is taken. . . . *Such appeal shall be taken within twenty days* after the entry of the judgment or order appealed from. . . ."

Thus the time allowed for taking such an appeal is limited to twenty days after the entry of the judgment or order appealed from. Appellants' notice of appeal is from solely the provisions in the judgment for plaintiff's recovery of $5,092.78, and there never was served or filed with the clerk of the civil court any notice of appeal from the other provisions in the civil court judgment. The failure of the appellant to give notice of appeal from such other provisions obviously is more than mere mistake or inadvertence which can be remedied after the time for appeal has expired, so as to enlarge the scope of the appeal to other provisions in the judgment which were not included in the notice of appeal. As we said in *Kitchenmaster v. Mutual Automobile Ins. Co.* 248 Wis. 335, 340, 338, 21 N. W. (2d) 727,—

"The sufficiency of the notice must be determined from the face of the notice alone. If taking the notice as a whole it does not appear with reasonable certainty who is appealing, from what judgment, in what court, and to what court, the notice is

fatally defective. . . . It is difficult to see how it can be argued that this court has jurisdiction to amend the notice of appeal unless a sufficient notice has been given. If the notice is sufficient to give the court jurisdiction to make an amendment no amendment is necessary. If the notice is insufficient to give the court jurisdiction, how can it act if it has no jurisdiction? There seems to be no answer to this question except the one given in *Stevens v. Jacobs.*" [226 Wis. 198, 275 N. W. 555, 276 N. W. 638.]

These conclusions are likewise applicable to a notice of appeal from a judgment or order of the civil court.

It follows that the circuit court's order amending said notice of appeal must be reversed, and that the amended circuit court judgment entered on June 11, 1948, must be vacated; and in lieu thereof the circuit court judgment as originally entered on November 21, 1947, must be reinstated and affirmed.

*By the Court.*—The order amending the notice of appeal is reversed and the amended judgment entered June 11, 1948, is vacated; and the cause is remanded to the circuit court with directions to reinstate the judgment entered November 21, 1947, which is hereby affirmed.

BROADFOOT, J., took no part.