SAINDON et al. v. LUCERO, Adm'r.

No. 4150.

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1951.

Rehearing Denied March 26, 1951.

C. Vance Mauney, Albuquerque, N. M. (Waldo H. Rogers, Albuquerque, N. M., on the brief), for appellants.

Joseph L. Smith and Lorenzo A. Chavez, Albuquerque, N. M., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

At about 7:30 in the evening of February 27, 1950, 77 year old Sanitago G. Lucero, while walking on U. S. Highway 85 approximately 15 miles north of Socorro, New Mexico, was struck and killed by an auto-

mobile owned by the defendant, Saindon, and driven by the defendant, Knight. This action was brought in the District Court of Socorro County, New Mexico, by the administrator of the estate of the deceased, to recover damages for his death, and was removed to the United States District Court for that district where it was tried to the court without a jury. The court found that the defendants were guilty of negligence and that the deceased was free from contributory negligence. Judgment was entered in favor of the plaintiff for the sum of $7500. This appeal is from that judgment.

The facts essential to a decision here are not in dispute. At the time and place of the accident, the Saindon automobile was being driven in a southerly direction at a speed of 45 to 50 miles an hour and was about to meet and pass another automobile traveling in a northerly direction. It was a dark night and automobile lights were necessary. Both drivers had dimmed their lights and as they were about to meet and pass, Knight observed the deceased 40 or 50 feet ahead of him in almost the center of the road. He immediately applied "everything I had in the way of brakes" and swerved the car to the right. The driver of the north bound automobile did not see him until just before the collision. When the brakes were applied, the deceased glanced over his shoulder toward the Saindon car and immediately took two or three quick steps into the center of the south bound lane and was struck by the left front fender. When the car was brought to a stop, which was shortly after the collision, its front end was almost entirely off the pavement to the right. Knight testified that had the deceased remained where he was when he first saw him he would have avoided striking him. The highway at the point where the accident occurred was in the open country, straight and level in both directions with nothing to obstruct the view of cars approaching from either direction. There were no visible lights in the vicinity except those of the automobiles on the highway. There was testimony to the effect that the clothing worn by the deceased was of such color that it blended into the black-top road and made him difficult to see. There is no evidence as to where the deceased had been or where he was going but we think it may be inferred that he was crossing the road at this point, headed for the home of his granddaughter which was about 200 feet immediately west of the point where he was struck.

For the purpose of this decision we shall assume that there was sufficient evidence to sustain the finding of negligence on the part of the defendants and consider the question of contributory negligence. Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214, 220. Generally it has been said that contributory negligence is the neglect of the duty imposed upon a person to exercise ordinary care for his own protection and safety which is a legally contributing cause of an injury. Restatement, Torts, § 463; 9 Words and Phrases, Perm.Ed., p. 379, Contributory Negligence; Fish v. Ball, 10 Cir., 93 F.2d 853; Silva v. Waldie, 42 N.M. 514, 82 P.2d 282, 285. In determining whether an injured person has been guilty of contributory negligence the standard of conduct to which he must conform is that of a reasonably prudent man under like circumstances. Restatement, Torts, p. 464. The reasonably prudent person will be presumed to possess those qualities of attention and perception which are possessed by mankind in general. Dominguez v. Southwestern Greyhound Lines, 49 N.M. 13, 155 P.2d 138, 140. If a person, by his own actions, subjects himself unnecessarily to danger which should have been anticipated and is injured thereby, he is guilty of contributory negligence and may not recover for his injuries. Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583; Consolidated Textile Corp. v. Shipp, 4 Cir., 41 F.2d 479.

Ordinarily where the evidence is such that reasonable men may differ as to whether there was contributory negligence on the part of the injured person, it is a jury question. Olguin v. Thygesen, 47 N. M. 377, 143 P.2d 585, 591; Crespin v. Albuquerque Gas & Elec. Co., 39 N.M. 473, 50 P.2d 259, 261; Russell v. Davis, 38 N.M. 533, 37 P.2d 536, 539. If, however, the facts are not in dispute and the inferences to be drawn therefrom are plain and lead to only one reasonable conclusion, then it is the duty of the court to determine the question

as a matter of law. Baltimore & Ohio R. R. Co. v. Goodman, 275 U.S. 66, 70, 48 S.Ct. 24, 72 L.Ed. 167; Cities Service Oil Co. v. Harvey, 10 Cir., 148 F.2d 780, 782; F. W. Woolworth Co. v. Davis, 10 Cir., 41 F.2d 342, 347, certiorari denied 282 U.S. 859, 51 S.Ct. 33, 75 L.Ed. 760; Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921, 926. Ordinary care, of course, depends upon the facts and circumstances of each particular case. Here the deceased was crossing or was upon a main traveled highway in the nighttime in open country where the presence of pedestrians would not ordinarily be anticipated. It is common knowledge that under these conditions automobiles travel at a high rate of speed. Danger should have been expected from cars approaching from either direction, and it was the duty of the deceased to look in both directions for approaching automobiles before entering upon the main traveled highway, and to use reasonable care to avoid injury to himself. 2 Blashfield Cyc., Auto Law, Perm.Ed. § 1415; 38 Am.Jur., Negligence, § 182; Russell v. Davis, supra; Standard Oil Co. of Ky. v. Noakes, 6 Cir., 59 F.2d 897. A pedestrian at night is in a position to see oncoming automobiles at a great distance. The drivers of the automobiles may see him only within the range of their lights, but the ability of drivers to observe a pedestrian even within the range of their lights may be affected by such conditions as lights from other automobiles and the color of clothing worn by a pedestrian which blends into the color of the pavement.

We think that the deceased failed to exercise the simplest precaution for his own protection when he placed himself upon a main traveled highway in the nighttime at a place where pedestrians were not expected to be, with automobiles coming from either direction, and by moving quickly in front of one of them whereby he was struck and killed. He was required to make reasonable use of his faculties of sight, hearing and intelligence to discover dangers which under the circumstances should have been expected. In F. W. Woolworth Co. v. Davis, 41 F.2d at page 349, supra, this court said: "We

conclude that the general and correct rule is, at least in the absence of any present assurance of safety, a plaintiff may not recover if the use of his senses, in the ordinary way, would have prevented the injury." Phillips Petroleum Co. v. Miller, 8 Cir., 84 F.2d 148, 153; Stanford v. Atlantic Life Ins. Co., 5 Cir., 109 F.2d 428; Cleveland-Cliffs Iron Co. v. Metzner, 6 Cir., 150 F.2d 206, 209. Under the conditions here, the conduct of the deceased falls short of standards to which a reasonable person should conform to protect himself from injury, and such conduct was a legally contributing cause of his injuries and therefore a recovery is barred. Restatement, Torts, p. 466; Johnston v. Vukelic, Wyo., 213 P.2d 925, 930; Mingus v. Olsson, Utah, 201 P.2d 495, 499; Hynek v. City of Seattle, 7 Wash.2d 386, 111 P.2d 247, 260; Turnquist v. Rosaia Bros., Inc., 196 Wash. 434, 83 P.2d 353, 357; Rasmussen v. McCarthy, 188 Wash. 555, 62 P.2d 1353; Fox v. Sherwood, 7 Cal. App.2d 265, 45 P.2d 1026; Armbruster v. Gray, 225 Iowa 1226, 282 N.W. 342; Mertens v. Lake Shore Yellow Cab & Transfer Co., 195 Wis. 646, 218 N.W. 85.

Judgment is reversed and the case remanded with instructions to enter judgment for the defendants.