FESSLER, Appellant, vs. NORTHWESTERN NATIONAL CAS-
UALTY COMPANY and another, Respondents.*

*September 10—October 6, 1953.*

———

* Motion for rehearing denied, with $25 costs, on December 1,
1953.

For the appellant there was a brief and oral argument by *E. J. Mueller,* attorney, and *Louis C. Ritter* of counsel, both of Milwaukee.

For the respondents there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

MARTIN, J.    West Hampton avenue is a 28-foot, two-lane street running east and west; North Fourth street, 20 feet wide, beginning at West Hampton, runs north. At the time of the accident, 7:15 a. m. on February 27, 1948, the pavements were dry; visibility was good; it was not raining or snowing.

Plaintiff had alighted from the front door of an eastbound Hampton avenue bus at this intersection, crossed the street in front of the bus and was struck by Braun's car, her body coming to rest in the northeast portion of the intersection. Braun had been traveling east on Hampton avenue.

With respect to the question of lookout, the testimony of the plaintiff is that after she got out of the bus and passed in front of it she looked to the west and saw nothing coming; that she "kept on walking," looked to the east and saw no car and "kept on walking." She testified that she could see

a block or more to the west on Hampton avenue and about two blocks to the east. She did not see the car that struck her.

There is no evidence that Braun suddenly came out on the left side of the road from behind the bus. His own testimony was that he had traveled for some time at a distance behind the bus and that when it gradually slowed down, pulled toward the right and stopped, he continued in the same line of travel. The only other testimony on this point is that of Henry Seidenschnur who stated that as he drove west on Hampton avenue east of the intersection he first saw Braun about 200 feet ahead and from that point until the impact occurred Braun drove in a straight line. Since there is no other evidence to controvert it, the conclusion is inescapable that the Braun car was in such a position on the street that plaintiff would have seen it had she looked.

On the basis of her own testimony, therefore, plaintiff was negligent with respect to lookout. A person "is not permitted to say that he looked when, if he had looked, he must have seen that which was in plain sight." *Mertens v. Lake Shore Y. C. & T. Co.* (1928), 195 Wis. 646, 648, 218 N. W. 85; *Hafemann v. Milwaukee Automobile Ins. Co.* (1948), 253 Wis. 540, 34 N. W. (2d) 809.

With respect to the question of plaintiff's right of way, the testimony is at some variance. Plaintiff could claim the right of way only if it was shown that she crossed Hampton avenue at the crosswalk. Sec. 85.44 (4), Stats. It was her testimony that the bus stopped, not opposite the west edge of North Fourth street, but somewhat beyond, east of that point, so that she walked "about straight over to the northeast corner." Evelyn Russell, who alighted from the rear door of the bus, testified that the bus stopped approximately in the middle of North Fourth street. There is evidence in the record, however, that the sidewalk toward which plaintiff was walking was the east-west sidewalk on the north side of Hampton avenue, since there was no extension of the

north-south sidewalk along North Fourth street leading across Hampton avenue. This fact indicates that even though the trial court accepted as a verity plaintiff's testimony that she walked "straight over to the northeast corner" she could not have been on the north-south crosswalk, but west of it. Any other conclusion would also be contrary to another physical fact. If she had been on the crosswalk her body would not have come to rest within the intersection, but east of it, since the Braun car struck her from the west. Seidenschnur also testified that after she was struck her body rolled about 10 feet in a northeasterly direction.

Plaintiff must therefore be held to have been negligent as a matter of law both with respect to maintaining a proper lookout and in failing to yield the right of way.

With respect to the allegations of negligence on the part of Frank Braun, we have found no evidence in the record to contradict his testimony, and no inference can be drawn from any testimony but that the plaintiff suddenly came out into his path at the front of the bus. He stated that he first saw her when he was alongside the bus and she was right in front of his car. Plaintiff's own testimony is that she was "walking fast" as she crossed the street; Seidenschnur, as well as the bus driver, testified to the same effect. Under the circumstances, Braun could not be found negligent either as to lookout or as to management and control, since her sudden appearance before him presented an emergency not of his own making.

Although the complaint alleges that Braun was negligent as to his speed, there is no evidence on this point in the record. Braun's own statement was that he traveled behind the bus for some time and that he estimated its speed at about 15 miles per hour. The trial court properly ruled that Seidenschnur could not be permitted to testify as to Braun's speed since he was traveling in the opposite direction and his estimate would have no probative value. *Dahinden v. Milwaukee*

*E. R. & L. Co.* (1919), 169 Wis. 1, 171 N. W. 669. The witness admitted he was in no position to judge speed and could not estimate it. A statement in the printed appendix containing Seidenschnur's testimony that he saw the Braun car coming from the west, "coming fast," is apparently a typographical error, because the record shows that what he said was "coming east."

As to Braun's position on the highway—there is some testimony that he may have been over the center line on the north side of the street—we need only say that he had the right to be there in order to pass the bus. No oncoming traffic interfered with his doing so.

If negligence on the part of the defendant Braun can be inferred from any of the evidence, it is so slight that it fails to satisfy the rule requiring a clear preponderance. In our opinion the plaintiff's negligence was at least as great as that of Braun, and the trial court properly directed a verdict for the defendants.

*By the Court.*—Judgment affirmed.