MERKLE and wife, Respondents, vs. BEHL and another, Appellants.

*March 8—April 5, 1955.*

For the appellants there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondents there was a brief and oral argument by *James R. Mattison* of Milwaukee.

GEHL, J. Defendants contend that the court erred in changing the answer to question 4 of the verdict. If it can be determined that the court rightly concluded that Mrs. Merkle was, as a matter of law, guilty of causal negligence with respect to lookout, which was the only element of negligence submitted with respect to her conduct, its action was proper. One of the rules stated in *Statz v. Pohl,* 266 Wis. 23, 32a, 62 N. W. (2d) 556, 63 N. W. (2d) 711,

"If but one element of negligence is submitted to the jury and the court can find as a matter of law that the party inquired about in the question is guilty of causal negligence, and the jury finds that he is not, and in answer to the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answer to the question which inquires as to his conduct from 'No' to

'Yes' and permit the jury's comparison to stand with judgment accordingly."

would then be applicable. Upon her own testimony Mrs. Merkle convicted herself of causal negligence with respect to lookout, the only element of negligence submitted as to her conduct. She testified that as she started to cross South Eleventh street she saw eastbound cars near the southwest corner of the intersection but did not see them start up after the traffic light changed; she did not see the Behl car turn north and could not explain why she failed to see it; the first time she saw the Behl car was just before she was hit; she was then on the crosswalk about in the center of the street. There is no escape from the conclusion that had she looked she would have seen the car. She was, as a matter of law, guilty of negligence which contributed to her injuries. *Fessler v. Northwestern Nat. Casualty Co.* 265 Wis. 14, 60 N. W. (2d) 387; *Brickell v. Trecker,* 176 Wis. 557, 186 N. W. 593; *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 218 N. W. 85. No jury issue was presented and the court correctly changed the answer to question 4, and properly applied the rule stated in *Statz v. Pohl, supra,* and quoted above.

The jury's finding that Behl was negligent as to speed is attacked as not being supported by the evidence. The operator of an automobile who was traveling west on Greenfield avenue testified that when the traffic light changed to green he started forward but was required to bring his car to an abrupt halt because "defendant cut in front of him;" defendant was "traveling pretty fast for just starting up;" his "tires squealed, the engine raced." The front end of defendant's car was about thirty feet north of the north crosswalk of West Greenfield avenue when it came to a stop and plaintiff was lying about four feet north of the car. There was also testimony that Mrs. Merkle was thrown to the north at least

ten feet as a result of the impact. We consider that there was ample support for the jury's finding.

The jury was asked whether the condition of Mrs. Merkle's nasal area is a natural result of the injuries received by her in the collision. The question was answered in the affirmative. Defendants contend that plaintiffs did not meet the burden of proof upon that issue. We know of no valid reason for the inclusion in the verdict of a question of that nature. It is elementary that the damages which plaintiff in a personal-injury action may recover are limited to such as are reasonably certain to have resulted from the injury complained of. In charging the jury upon the questions of the verdict which direct them to make assessments of damages they should be, and we believe almost universally are, instructed to that effect. They were so instructed in this case, and it must therefore be assumed that when damages were assessed the testimony as to Mrs. Merkle's nasal condition and its cause was considered in the light of the instructions. The question was surplusage and the answer is immaterial, particularly if it be found that the award of damages is not excessive.

The jury found that the amount required to compensate Mrs. Merkle for her injuries is $4,500. The court found the husband's loss for medical and hospital expenses to be $1,700, and the jury awarded him for the loss of services and companionship of his wife the sum of $800. The awards are attacked as being excessive. We do not deem it necessary to consider the attack upon the awards made to the husband because no attempt is made in the briefs to point out in which respect or for what reason they are or should be found to be excessive. Nothing is said about them except that the answers "involved expense that was in no way related to the accident in question and that they are excessive."

Defendants make particular attack upon the award of $4,500 to Mrs. Merkle for the damages sustained by her.

She testified that during several weeks following the accident she was either in bed or immobilized in a chair. It was difficult for her to get up and move about; she had extreme backaches and her right knee and her head bothered her; she had terrible, constant headaches; at the end of the month following the accident she started doing some of her housework; the headaches continued, her head felt as though it had been split open; her back and knee continued to bother; she was unable to do complete housework until about four months after the accident; the first doctor to attend her treated her about ten times during the first month; she was given sedatives to enable her to sleep; in September, 1950, she was referred by her first physician to Dr. Gaynon to whose office she went once or twice a week for treatment; the headaches continued through December, her eyes watered, they became bloodshot, her face was flushed, and her nose stuffy; the first temporary relief she received from headaches was six or seven months after the accident; she sustained a cut on the left side of her skull and had black and blue bruises on her right and left elbows, her buttocks, and a thigh; her back and knees were scraped; before the accident she was in good health.

Mrs. Merkle saw Dr. Gaynon the first time on August 28, 1950. He testified that he had seen her since then approximately eighty-eight times. The doctor testified that Mrs. Merkle's nose was congested and boggy on the right side. He found histamine cephalalgia, an allergic type of headaches secondary to skull injury, head injury, or brain concussion; he treated her locally through the nose to bring the tissue therein back to a state of health; he prescribed glasses but they had no effect on her headaches. He found a lateral displacement of the septum and recommended surgery; he testified that her injuries would be permanent; that in his opinion an operation would be successful and that the bill for surgical and hospital services might amount to $450, and

hospitalization would be required for five or six days; he testified that the condition found in the nose was almost likely the result of a fracture. We do not consider that the award made to Mrs. Merkle is excessive.

*By the Court.*—Judgment affirmed.