VANDERHEI, by Guardian *ad litem,* and another, Respondents, vs. CARLSON and others, Appellants.*

*February 7—March 5, 1957.*

* Motion for rehearing denied, with $25 costs, on May 7, 1957.

For the appellants there were briefs by *Kivett & Kasdorf*, attorneys, and *Clifford C. Kasdorf* and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Clifford C. Kasdorf*.

For the respondents there was a brief and oral argument by *Richard S. Hippenmeyer* and *William C. Callow*, guardian *ad litem*, both of Waukesha.

BROADFOOT, J.   The defendants contend that there is no credible evidence in the record to support the answers of the jury. The questions as to the driver's negligence were in the alternative. Having found the driver negligent as to management and control, the jury was instructed not to answer the lookout question. From a review of the record it would have been more logical for the jury to find the driver negligent as to lookout. However, the jury had an option and we cannot say that as a matter of law they were wrong.

The defendants further contend that additional inquiries should have been made as to the negligence of the plaintiff. Subs. (6) and (9) of sec. 85.44, Stats., read as follows:

"(6) *Pedestrians to walk on left side of highway*. Pedestrians using those highways not provided with sidewalks shall travel on and along the left side of such highway and the pedestrian, upon meeting a vehicle shall, if practicable,

step to the extreme outer limit of the traveled portion of the highway."

"(9) *Standing or loitering on roadway prohibited.* No person shall stand or loiter on any roadway other than in a safety zone if such act interferes with the lawful movement of traffic."

The defendants had requested that inquiry be made in the special verdict as to whether the plaintiff had violated either of these subsections. The trial court denied their request. We think the trial court was correct in this regard. The verdict would have been duplicitous had three questions, all dealing with plaintiff's position on the highway, been submitted. Under our statutory definition the plaintiff was a pedestrian. Under the circumstances, however, he did not violate either sub. (6) or sub. (9) of sec. 85.44, Stats. He was not traveling on the highway nor did he intend to do so. He was merely waiting for the car to complete the turn. He then planned to re-enter the car and continue with it. He was standing upon the highway other than in a safety zone. The question relating to his position on the highway, under proper instructions, covered any violation of sub. (9).

A study of the record, however, requires us to invoke our discretionary powers under sec. 251.09, Stats., and to order a new trial. The trial court instructed the jury as to the duty of a driver of an automobile to keep a proper lookout. However, when instructions were given with relation to the question about the plaintiff's lookout, the trial court merely stated, "I have already instructed you in regard to that." A pedestrian upon a highway, whether standing or traveling, has a duty to use his senses for his own protection. The degree of care required depends upon all of the circumstances, and defendants' rights were seriously prejudiced by the lack of adequate instructions in this case. In *Merkle v. Behl,* 269 Wis. 432, 69 N. W. (2d) 459, a pedestrian crossing a street along a marked crosswalk, where she had the

right of way, was found to be causally negligent as a matter of law when she did not see the car that struck her. This is illustrative of the care required by a pedestrian.

The defendants make other contentions that we do not deem it necessary to answer because of the fact that a new trial is necessary.

*By the Court.*—Judgment reversed. Cause remanded with directions to grant a new trial.

CURRIE, J., dissents.