HARVEY, Special Administratrix, Appellant, v. BROWN COUNTY and another, Respondents.

*October 7—November 5, 1958.*

For the appellant there were briefs by *Davis, Soquet & Cherney,* and oral argument by *Donald E. Soquet* and by *Allan M. Ross,* all of Green Bay.

For the respondents there was a brief by *Cornelisen, Denissen, Farrell & Kranzush,* and oral argument by *R. J. Farrell* and by *C. E. Kuehn,* all of Green Bay.

HALLOWS, J.   The main contention of the plaintiff is that the verdict should have inquired into Brown county's negligence in respect to the position of the truck on the highway. The plaintiff argues that the truck was a few feet over the center line on the left side of the highway.

There is no doubt that the evidence as to the position of the truck at the time of the accident was conflicting.  From the testimony of Wentland and Pasowicz it could be concluded the truck was over the center line about two feet.

However, it does not follow that an inquiry should have been made as to the location of the truck.  Assuming the truck was over the center line, it was highway-maintenance equipment in actual operation.  Sec. 85.15 (1), Stats. 1955, as urged by the plaintiff, does not apply to highway-maintenance equipment so as to confine its operation to the right side of the highway.  There is an express exclusion applying to such vehicle for operation on the left side of the highway.  The truck had a right to be on the left side of the highway, or in the assumed location of being a few feet over the center line, but the truck may not have been properly lighted as highway-maintenance equipment whether it was entirely on the right side, the left side, or partly on both sides.

The requirements for lighting highway-maintenance equipment are set forth in sec. 85.06 (19), Stats. 1955, which are in addition to the lighting requirements of ordinary motor vehicles on the highway.  Under sub. (19) (a) such maintenance equipment must have four red flags during the day. During the hours of darkness such equipment must have

four red lamps of 500 feet visibility, one mounted on each corner of the vehicle to give adequate warning of its presence and to show clearance. Sub. (19) (b) allows two amber floodlights to be substituted for the four red lights but these amber floodlights need only be visible for 200 feet but must be mounted on each side of the vehicle so as to illuminate the sides of the vehicle and its attachments. This side illumination is not required of the red lights. When operating on the left side of a highway such maintenance vehicle must also have a blue light visible for 500 feet from front and rear. By sub. (19) (c) maintenance vehicles engaged in maintaining highways are exempt from the provisions of sub. (19) (a) when they are equipped and designated by the two amber floodlights and the blue auxiliary lights.

The Brown county truck was equipped with all the required lights but the two amber floodlights were not positioned or adjusted so as to illuminate the sides of the truck as required. Negligence of the defendant in this respect was found by the jury. This negligence applied to the truck whatever its location was on the highway. Having the proper auxiliary blue lights, the truck was entitled to be on the left side although the defendant was found negligent in respect to the two amber lights not illuminating the sides of the truck or to warn of its presence, especially from the rear. It must be pointed out that the truck had two additional lights not required by statute which, while not clearance lights, would serve to some degree as a warning light, *i.e.,* the red flashing light and the white or amber light mounted at the head of the box on the truck. There is no credible evidence that all the lights, with the possible exception of the directional lights, were not on prior to and at the time of the accident.

Under the facts, and assuming the testimony of Wentland and Pasowicz to be credible, to submit a question of the location of the truck would have been error because the truck was entitled to be on the left side of the highway. Such a

question should not have been submitted for the additional reason that if the truck was not entitled to be on the left side of the highway because of the defective lighting, a verdict finding negligence in respect to the location of the truck would have resulted in a duplicity in the verdict, since the lack of proper lighting on the truck was a separate item of negligence in the special verdict. A duplication in the findings may well render the comparison of negligence inaccurate. See *Reynolds v. Madison Bus Co.* (1947), 250 Wis. 294, 26 N. W. (2d) 653.

We do not consider this particular sand thrower a piece of equipment within the meaning of sec. 85.06 (24), Stats. 1955, but an attachment to the truck. This was attached to the truck, was approximately two feet narrower than the truck on both sides, extended out from the truck two feet eight inches, and its wheels did not touch the ground excepting during the actual sanding operation when the box of the truck was tilted. The truck and this device together constituted the sanding unit. The box could not operate without the truck and had to be securely attached or mounted to it. However, in view of the apportionment of the negligence, considering this attachment as a piece of separate equipment by the trial court under sec. 85.06 (24) was not prejudicial but rather favorable to the plaintiff.

The plaintiff also contends that the question of the defendant's negligence as to management and control should have been submitted to the jury. A review of the record does not reveal any credible testimony to raise the jury question of such negligence. *Hafemann v. Milwaukee Automobile Ins. Co.* (1948), 253 Wis. 540, 34 N. W. (2d) 809, cited by the plaintiff is not in point. There the operator by backing into the street without stopping his car when the approaching auto was so close, created a nuisance and was an

efficient cause of the collision. The plaintiff's argument on management and control carried to its logical conclusion would keep all highway-maintenance vehicles off the highway if there was any traffic. Neither was sec. 85.31, Stats. 1955, violated by Brown county's truck under these circumstances. That section does not create an absolute liability on or make it unlawful for an operator to back a motor vehicle. It does make backing a vehicle into an intersection of certain highways for certain purposes unlawful. But that is not the case here.

The plaintiff also urges it was error for the trial court not to submit an inquiry in the special verdict on the negligence of Brown county in respect to lookout. This assignment of error cannot be considered on appeal because the plaintiff made no request to include such an inquiry in the special verdict and, therefore, must be held to have waived her right to have the question submitted. *Polley v. Boehck Equipment Co.* (1956), 273 Wis. 432, 78 N. W. (2d) 737; *Fondow v. Milwaukee E. R. & T. Co.* (1953), 263 Wis. 180, 56 N. W. (2d) 841; sec. 270.28, Stats.

The plaintiff raises no question of error in submitting an inquiry to the jury as to the plaintiff's speed but does raise the question of whether the evidence sustains the finding as to the plaintiff's management and control. The facts are undisputed that the plaintiff was traveling 35 to 40 miles per hour on an icy and slippery road at night with his headlights on. He made no effort to avoid the collision until he was eight or 10 feet from the truck and then swerved sharply to the left. This court will not upset a verdict if there is any credible evidence which under a reasonable view will sustain the jury's finding. *Kanzenbach v. S. C. Johnson & Son, Inc.* (1956), 273 Wis. 621, 79 N. W. (2d) 249; *Auster v. Zaspel* (1955), 270 Wis. 368, 71 N. W. (2d) 417. We con-

clude, therefore, the judgment appealed from should be affirmed.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., and BROWN, J., took no part.

FAIRCHILD, J. (*dissenting*). Under the evidence there was an issue as to whether any part of the truck was in the left lane and another issue whether the truck had the lights required by statute. The verdict established that it was not properly lighted.

By reason of incomplete compliance with the lighting requirements, defendant county was negligent even though the truck was, as claimed by its employees, partially upon the right lane and partially upon the right shoulder. If the truck were in fact partially on the left lane, then there also was negligence as to its position because it did not have all the lights required for operation on the left lane by sec. 85.06 (19) (b), Stats. 1955. Under the evidence, defendant county may have been negligent solely with respect to insufficient lighting or may have been negligent both with respect to insufficient lighting and position on the highway. In my opinion a question as to position on the highway should have been submitted and plaintiff is entitled to a new trial because such question was not submitted.