VANDERHEI, by Guardian *ad litem,* and another, Respondents, v. CARLSON and others, Appellants.

*December 1, 1958—January 2, 1959.*

For the appellants there was a brief by *Kivett & Kasdorf,* attorneys, and *Clifford C. Kasdorf* and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. Clack.*

For the respondents there was a brief by *Richard S. Hippenmeyer* and *William G. Callow,* guardian *ad litem,* both of Milwaukee, and oral argument by *Mr. Hippenmeyer.*

WINGERT, J. We are obliged to reverse the judgment and order a new trial on the issues other than damages.

1. *Plaintiff's negligence was causal.* The jury having found, on sufficient evidence, that Vanderhei was negligent in failing to keep a proper lookout, the finding that such negligence was not a cause of the accident cannot stand. Accepting Vanderhei's own testimony, and resolving conflicts in the evidence most favorably to him, we cannot escape the conclusion that his negligence was a substantial factor in producing his injuries, and therefore a proximate cause of them, as a matter of law.

On his own story, Vanderhei took a position on the traveled portion of the road and faced toward the east with his back to the car approaching from the west or northwest, and kept no lookout whatever for the oncoming vehicle. He testified that as it reached him it was accelerating in speed and "rushed" by him, passing him at a distance of one to three feet. If he had been watching it, it is altogether probable that he could and would have stepped back to give it more room. Even if he had stood still he would not have been hurt, for only his right foot and ankle were hit, and he testified that when the car went by him he was startled, and turned around to his left and swung his right foot out six

or eight inches in front of the other foot, and it was there that the trailer hit it. If he had been keeping a proper lookout for the car its appearance so close to him would not have startled him, and since it was the surprise which caused him to swing around and stick out his right foot, he would presumably not have done so had he been watching the approach of the car. Thus his failure to maintain a proper lookout contributed directly and substantially to his injuries.

It is argued in support of the verdict, that the jury could properly infer that Carlson drove so fast and so close to Vanderhei in order to scare him, and that as Carlson turned somewhat to the left to go straight east on the south half of the road the trailer "whipped around" or skidded on the sandy road so quickly and unexpectedly that Vanderhei could not have dodged it had he been watching the vehicles most attentively. While there is no direct evidence that the trailer skidded, we may assume that the picture thus drawn could properly have been inferred from the evidence; but it does not follow that a proper lookout would not have avoided the accident. A normal fourteen-year-old boy can dodge rapidly. The vehicles could not have been going very fast, since they were just coming out of a sharp 180 degree turn on a sandy road. Moreover, as pointed out above, Vanderhei had only to stand still to avoid being hit. The injury resulted from the fact that he was taken by surprise, and he would not have been surprised had he been keeping a proper lookout.

2. *Carlson's negligence.* Appellants argue that the verdict that Carlson was negligent in the management and control of the car is not supported by credible evidence. The same contention was made, with respect to the same finding and substantially the same evidence, on the previous appeal; and this court sustained the jury's finding, refusing to say that as a matter of law it was wrong. *Vanderhei v. Carlson,* 275 Wis. 300, 302, 81 N. W. (2d) 742. It is therefore the law of the case that in the absence of substantially different evi-

dence, Carlson's negligence with respect to management and control is a jury question, and the jury's affirmative answer to the question is conclusive. *Miller v. Kujak,* 4 Wis. (2d) 80, 84, 90 N. W. (2d) 137.

Were the question now open, we should have no difficulty in sustaining the verdict. There was evidence on which the jury could properly find that Carlson saw the plaintiff standing on the road, and was negligent in driving too close to him, without making allowance for the possibility that the trailer might swing to the right, in failing to blow the horn to warn the plaintiff, and in speeding up the car as he went by. Carlson's conduct in those respects is not wholly excused by any general right to rely on Vanderhei taking proper steps to protect himself.

3. *Apportionment of negligence.* Since both Carlson and Vanderhei were causally negligent, there must be a new trial to obtain an apportionment of negligence. We cannot agree with defendants' contention that Vanderhei was at least as negligent as Carlson as a matter of law. Vanderhei was negligent in failing to watch the car that he knew was approaching from the rear, but the jury could properly have believed that he reasonably expected Carlson to stop and pick him up, and he was not bound to anticipate that Carlson would drive by him so close and so fast. The jury could also have found that Carlson saw Vanderhei in time to have either stopped beside him or driven farther away from him, and that Carlson's negligence was active while Vanderhei's was passive, and was the greater part of the total.

4. *Vanderhei's position on the highway.* Appellants argue that Vanderhei violated sec. 85.44 (9), Stats. 1953, by standing on the roadway, that therefore he was negligent in that particular as a matter of law, and that the jury's answer absolving him from negligence with respect to his position on the highway should have been changed.

Since there must be a new trial on other issues, it would not be necessary to decide this question now; but we think it desirable to indicate our views for the guidance of the trial court on the retrial. Sec. 85.44 (9), Stats., was as follows:

"No person shall stand or loiter on any roadway other than in a safety zone if such act interferes with the lawful movement of traffic."

Standing on the roadway is prohibited only if it interferes with lawful movement of traffic. On the evidence in this case it cannot be said as a matter of law that Vanderhei's presence on the road interfered with the lawful movement of traffic. The road was 15 or 20 feet wide, there was no other traffic, and if Vanderhei's testimony be accepted, that he was only a foot or two from the south edge of the road, Carlson had plenty of room to pass him. We cannot say that in such circumstances one who stands on, but at the edge of, a road for the purpose of entering a car which he reasonably expects will draw up and stop for him, is violating the quoted statute. Neither was it a violation *per se* for Vanderhei to put his foot in the path of the trailer, where the jury could have inferred that the movement was the involuntary result of Carlson's improper driving.

5. *Damages.* Since no objection is made by either party to the damages fixed by the jury, the new trial may be confined to the issues other than damages.

*By the Court.*—Judgment reversed, with directions to grant a new trial on the issues other than damages. Costs in this court shall abide the results of the new trial. In no event shall appellants tax costs for more than 50 pages of their brief.